NEW-YORK,<br>May, 1830.<br>The People<br>v.<br>Van Eps.

---

## THE PEOPLE vs. VAN EPS.

An action may be sustained in the supreme court upon a criminal recognizance taken in the court of oyer and terminer.

The manner of *collecting* fines and recognizances is left to the discretion of the district attornies. If, however, the parties or their property be within the county, it is the duty of the district attornies to proceed by *execution* for the collection without suit; otherwise, they may proceed by action in this court.

The *excutions* of the courts of common pleas cannot run beyond their respective counties.

A recognizance must be filed or made a record of a court to sustain a suit, and must be so averred in the declaration. It should also be averred that the default in not complying with the condition of the recognizance was entered of record.

Where, in an action of debt, two several sums are demanded as due and owing in two separate counts, e. g. $600 each, the declaration should in the commencement demand the aggregate amount, the first count should demand $600 parcel, &c., and the second count should be for $600, the residue, &c.

DEMURRER to declaration. The declaration is in debt. After commencing by demanding $600 of debt on recognizance, it is stated that on 26th January, 1827, the defendant came before A. H. Esq. first judge of the Montgomery county common pleas and entered into a recognizance in the usual form in the the sum of $600, conditioned for the personal appearance of one J. E. V. W. at the then next court of oyer and terminer, &c. to be held in and for the said county, and that he should answer unto all such matters, &c. and not depart, &c. then, &c.; and that the said J. E. V. W.

NEW-YORK,  did not appear at the then next court of oyer and terminer,
May, 1830.  &c. held on 22d May, 1827; by reason whereof, it was
The People  alleged the defendant became liable to pay to the people the
v.          said sum of $600 according to the tenor and affect of the re-
Van Eps.    cognizance. It was then averred that the first judge of Mont-
gomery had full power and competent authority to take the
recognizance, that the defendant had not satisfied the people
the said sum of money, that execution had not been obtained
upon the recognizance, and that the same remained in full
force, strength and effect, whereby it was alleged an action
had accrued to the people to demand and have of the defend-
ant the said sum of $600, and *common conclusion* in debt.
Then follows a *second* count setting forth a recognizance
entered into by J. E. V. W. and the defendant, before the
same officer on the same day : J. E. V. W. acknowledging
himself to be indebted to the people in the sum of $1000, and
the defendant in the the sum of $600, conditioned for the ap-
pearance, &c. of J. E. V. W. as in the first count. The
holding of the court on. &c. is then stated, and that J. E. V.
W. did not appear, although he was solemnly called to ap-
pear, and his bail required to to bring in his body, but that
they made default, by reason whereof the defendant became
liable to pay the said sum of $600. Residue of the count as
above. The defendant put in a general *demurrer*.

*M. T. Reynolds*, for defendant. The pleading demurred
to contains two distinct declarations, not two causes of action
in one declaration. It commences by demanding only $600,
and then shews two separate demands each of $600, neither
of which however is good, as it is not averred that the
recognizances set forth were ever filed in any court, and thus
became the matters of record. A recognizance is an ac-
knowledgment of record, and until filed and made a record
of a court, it has not the qualities or attributes of a recogni-
zance. Recognizances of bail are always stated in declara-
tions as records of court ; if taken before a judge or commis-
sioner, he is said to have brought the same into court, and
that it is recorded, &c. (7 Wentworth's Pl. 55 to 78.  3
Chitty's Pl. 247, 251.) Nor is it averred that the default of

the defendant was entered of record. The only plea to an action on a recognizance is *nul tiel record.*

No *action* will lie for the forfeiture of a recognizance. Formerly the court of exchequer took cognizance of all forfeitures, whether for recognizances or for other cause, and were authorized to cause due process of law to be issued for levying the same, (1 R. L. 400,) and the executions might be against the body, lands and goods of the defendants. (Id. 403.) The power of the court of exchequer relating to forfeited recognizances was in 1818 transferred to the courts of common pleas of the several counties, (Laws of 1818, p. 307.) and though, by the same act, the district attornies are required to *collect* the same, it is not necessary it should be by action, as a better and more effectual remedy exists, viz. by execution, according to the course and practice of the exchequer. If, however, an action may be brought, it should be in the common pleas, which has the power of remission of forfeited recognizances, and not in the supreme court, whose jurisdiction may well be questioned. By an ordinance of the 11th William III. the supreme court of the province of N. Y. was empowered to hold cognizance of all pleas, civil, criminal and mixed, as fully as the courts of K. B. C. P. and exchequer, and on the organization of the court of exchequer in this state in 1801, the supreme court lost its exchequer power. In support of this position on examination, it will be found that not a precedent can be found of an action brought in England in the K. B. or C. P. on a criminal recognizance. Besides, the terms of the recognizance show that the remedy should be by *estreat* and not by *action ;* there is no covenant to pay, but only an assent to levy of the goods, &c.

*G. C. Bronson*, (attorney general) for the people. The declaration may be informal, but whatever defect it may contain it cannot be reached by a general demurrer. It is good in substance. It was not necessary to allege that it was filed ; had a plea of *nul tiel record* been interposed, a filing at any time previous to the replication would have been good. The default of the defendant for the non-production

NEW-YORK,
May. 1830.

The People
v.
Van Eps.

of his principle is expressly alleged in the second count, and if either count is good the demurrer fails. Besides, if the defendant complied with his engagement, he might have pleaded *comperuit ad diem.* The precedents cited on the other side apply to recognizances in civil suits, not to recognizances in criminal matters.

Allowing there is ordinarily another remedy besides by action, that does not deprive the district attorney of the right to sue. It is made his duty to *collect* the forfeited recognizances, and unless he were permitted to proceed by action, in many cases the remedy would be lost, as when neither the person nor the property of the recognizor could be found in the county. This also shews the propriety of bringing the suit in the supreme court, which, having jurisdiction of all civil actions, cannot be deprived of it but by positive enactment. As to the remission of forfeitures, the supreme court, when the action on the recognizance is before them, have the power, and would undoubtedly exercise it, to suspend proceedings in case a forfeiture was remitted. As to the form of the recognizance, it is as well an acknowledgement of indebtedness as an agreement that the sum acknowledged shall be levied, &c.

*Reynolds,* in reply. The courts of common pleas having the like powers in these cases as the court of exchequer, may send their process into any county in the state.

*By the Court,* SUTHERLAND, J. I am inclined to think that an action may be sustained in this court upon a criminal recognizance taken in a court of oyer and terminer. A recognizance is an acknowledgement of a debt of record; it has many of the attributes of a judgment. It binds the lands of the cognizor, and an execution may be issued upon it as upon a judgment. (1 R. L. 403, s. 9. Jacobs' L. Dict. tit. Recognizance.) Unless, therefore, there is some statutory prohibition, either express or implied, it is not perceived why an action of debt may not be brought upon it.

Prior to 1818, these recognizances, when forfeited were sent by the respective courts in which they were taken into the court of exchequer, whose duty it was to enforce them

by execution. (1 R. L. 402, s. 6.) The jurisdiction of that
court being general, (territorially,) its process ran throughout the state; and it is unnecessary to determine whether a
recognizance could then have been enforced by action, or whether the remedy was confined to the execution given by the statute. In 1818, (Laws of 1818, p. 306,) the collection of fines and recognizances was transferred from the court of exchequer to the courts of common pleas of the different counties in the state. The 7th section of that act directs, "That all fines and recognizances which may be imposed and forfeited in any of the counties within this state shall be collected by the district attornies thereof, and paid to the county treasurer for the use of the county;" and the 8th section enacts, "That the court of common pleas of the several counties within this state, (of which the first or presiding judge shall always be one, for the purposes herein expressed,) shall possess the like powers relative to the collection and remission of fines and forfeited recognizances as are by law for that purpose vested in the court of exchequer."

It is here made the duty of the district attorney to collect the fines and recognizances. The manner of collecting them is left to his official discretion. If the parties and their property are within the county, it is his duty to take out an execution for their collection without suit; the court of common pleas having the same authority to issue such execution as the court of exchequer formerly had, and that being the most expeditious and least expensive mode. But the executions to be issued by the courts of common pleas cannot, I apprehend, run beyond their respective counties.

These courts, in the aggregate, possess all the powers of the court of exchequer in relation to the remission and collection of fines and recognizances; but the power or jurisdiction of each court is confined to its own county, and its process, when acting as a court of exchequer, is subject to the same limitations and restrictions which control its ordinary writs. The legislature have, in express terms, provided that subpœnas issued by the courts of common pleas and mayor's courts may be served in any part of the state, (2 R. L. 147, 505;) and if they had intended in this instance to extend the

jurisdiction of those courts, they would have used equally unequivocal language. Cases may, therefore, frequently arise in which neither the property nor the person of the cognizor can be reached by an execution upon the recognizance, both being beyond the county. In such cases, a suit in this court affords the only effectual means of collection.

It is said that there is no case to be found in which a suit has been maintained in the king's bench in England on a criminal recognizance. If it should be conceded that the king's bench had no jurisdiction in such a case, it would not follow that this court had not. The ordinance of the governor and council for further establishing the supreme court of judicature within the province of New-York, adopted the 3d April, 1704. (Appendix No. 6 to 2 R. L. p. 13,) gives to this court all the jurisdiction which was possessed by the courts of King's bench, common pleas and excheques in England ; and it now possesses all the jurisdiction of the English court of exchequer, except so far as that jurisdiction has been transferred or restrained by statute. The court of exchequer, as it was originally organized after the adoption of the constitution, (Green. ed. Laws, vol. 1. 200,) and as it continued until recently abolished, (R. L. 400,) was but a department of the supreme court ; it was called in the act the court of exchequer in the supreme court.

It cannot, I think, be contended that the act organizing the court of exchequer, (1 R. L. 400,) transferred to it all the powers and authority which were possessed by the same court in England. Its jurisdiction is strictly a limited one, confined to the subjects and to be exercised in the manner prescribed by the act; and although a general control and jurisdiction were given to it over forfeitures, recognizances, fines, &c. yet I apprehend that jurisdiction was not so exclusive as to oust this court of its ordinary power to sustain an action of established form upon a record or judgment of that court, in the same manner as it might be sustained upon the judgment or record of any other court.

Again, it is said if a recognizance can be prosecuted in this court, that the power to remit the forfeiture, which was formerly possessed by the court of exchequer, and now by

the courts of common pleas cannot be exercised. This is by no means a legitimate conclusion. The power of remitting fines and forfeitures was absolute and unqualified in the court of exchequer, (1 R. L. 400, s. 1,) and the act of 1818 confers the same authority on the courts of common pleas. The right of the court to remit a forfeiture cannot be affected by the fact of a suit having been commenced upon the recognizance in another court, any more than its control over one of its judgments would be taken away or impaired in consequence of an action of debt having been brought upon it.

If a forfeiture should be remitted by the court of common pleas after a suit had been brought in this court, it would undoubtedly be a complete defence to the further prosecution of the suit; and the defendant could avail himself of it by way of plea *puis darrein continuance* or possibly by motion. I am of opinion, therefore, that the action is sustainable.

But the declaration appears to me to be defective in not averring that the recognizance was ever filed in or made a record of any court. It does not, strictly speaking, become a recognizance, or a debt of record, until it is filed or recorded in the court in which it is returnable. All the precedents of declarations in debt on recognizance of bail, contain this averment. (7 Went. Plead. 55, 57, 60, 61, 73, 78.) It is an essential and fatal omission.

It ought also to have been averred that the default of the principal for not appearing was entered of record; though this omission would not of itself be fatal, as it is averred that he was called and did not appear.

The declaration commences by alleging that the defendant was indebted to the state in the sum of $600 of debt on recognizance, and then sets forth two distinct recognizances, each for the sum of $600. They were undoubtedly intended for two distinct counts; but then the debt should have been stated at $1200, and the first count should have been for $600 parcel of the debt, and the second for the residue.

In these respects, the declaration is defective, and the first defect is certainly one of substance. The defendant is therefore entitled to judgment upon the demurrer, with leave to the plaintiff to amend.