## The People vs. Huggins.

A *recognizance* taken before two justices of the peace, for the appearance of a party *indicted* in a court of general sessions of a *misdemeanor*, is good and valid.

*After indictment*, any *one justice* of the peace has power to admit to bail a party indicted in the court of general sessions of an offence *triable in that court;* and *before indictment*, he may let to bail a person charged with an offence under the degree of grand larceny.

So also *two justices* may, *before indictment*, let to bail prisoners arrested and in jail, charged on *suspicion of felony*.

The statute requiring recognizances to be *signed*, only requires the signature of the cognizor.

It need not be positively averred in a suit on the recognizance, that the recognizance was filed in, or made a record of the court, in which it was returnable; it is sufficient on *general demurrer*, that the declaration refer to it *as a record of the court*.

An averment that the *principal* although called did not appear, is equivalent to an averment that his default for not appearing was *entered of record*, and supersedes the necessity of an allegation that the *bail* did not produce the *principal*.

DEMURRER to declaration. The declaration is in debt on recognizance against the bail of certain defendants indicted for a misdemeanor, for the *default* of the defendants in not appearing

UTICA,
July, 1833.

The People
v.
Huggins.

to answer.    The declaration states that at a court of *general sessions*, holden in and for the county of Washington, &c. before, &c. at, &c. on the last Tuesday of May, 1828, a certain *indictment was found* and presented against James Buck and Josiah Forsaith, for an alleged *misdemeanor* then lately committed by them, at, &c. ; and that such proceedings were thereupon had that the said James and Josiah were afterwards, on the 16th February, 1829, at, &c. duly arrested and brought before H. M. and J. W. P., two of the *justices of the peace* of the county of Washington, having full power and authority to recognize the said James and Josiah with their bail and surety, for the appearance of the said James and Josiah, at the next court of general sessions of the peace, to be holden in and for the said county ; and that on the said 16th February, 1829, *W. R. Huggins* (the defendant in this cause) personally appeared before the said H. M. and J. W. P., esquires, so being justices of the peace as aforesaid, and then and there, by a certain *recognizance in writing*, his own proper hand being thereunto subscribed, acknowledged himself to owe to the people of the state of New-York the said sum of $125, to be made and levied, &c. if the said J. Buck and J. Forsaith should make default in a certain condition to the said recognizance underwritten, which was that they should personally appear at the then next general sessions of the peace, to be holden in and for the county of Washington, then and there to *answer to an indictment* to be preferred against them, and not depart without leave of the court, then, &c. *as by the record of the said recognizance,* and the condition thereof *remaining in the said court* of general sessions of the peace, before the justices thereof, will more fully appear.    It is then averred that at the next court of general sessions of the peace, holden in and for the county of Washington, to wit, on the second Tuesday of March, 1829, at, &c. the aforesaid certain indictment was then and there duly preferred against the said J. Buck and J. Forsaith, for the alleged misdemeanor aforesaid ; and although the said James and Josiah were then and there solemnly called, they did not appear, nor did either of them appear according to the condition, &c. but wholly neglected and refused to appear at the said court of general sessions of the peace, holden on, &c.

UTICA,
July, 1833.

The People
v.
Huggins.

whereby an action hath accrued, &c.   To this declaration the defendant put in a general demurrer.

*S. Stevens,* for the defendant.   The recognizance is void. Being the case of an arrest *after indictment,* the justices had no authority to admit to bail.   A *justice of the peace,* with us, has no powers as to letting to bail, other than those conferred by statute.   By the act declaring the powers and duties of justices of the peace, 2 *R. L.* 506, a justice may cause to come before him all who shall *break the peace,* and to commit or bail them ; and to cause to come before him all who shall *threaten to break the peace* or who be *not of good fame,* to find security for the peace or for good behaviour, or to commit them to prison, § 1.   By the *second* section of this act, it is made his duty to commit every person, brought before him for treason or felony or for suspicion thereof ; and by the *third* section, *two justices* may let to bail prisoners arrested and in jail, charged on *suspicion of felony.*   This is the whole extent of the power of justices as to admitting persons to bail ; it is limited to cases appertaining to breaches of the peace and to the special case specified in the statute, which manifestly refers to a case before indictment.   In every other case, *after indictment* the party accused must be committed, and can be relieved from imprisonment only by suing out a *habeas corpus* in the manner prescribed by the statutes.   1 *R. L.* 354, § 1, 3.   2 *R. L.* 148, § 14.   In England two justices may let to bail, if one be of the *quorum,* for all offences triable at the sessions.   Not so here.   A justice with us is not of the *quorum ;* the judge of the common pleas, associated with two justices forming a court of general sessions, is in the place of the *justice of the quorum,* (without whom the court is not organized ;) and besides, in England two justices may hold the general sessions, whereas here a judge of the common pleas must be associated with two justices.   Again ; the condition of the recognizance is inappropriate to the case ; it is to answer to an indictment *to be preferred ;* it should have been to *traverse* an indictment already found ; it is defective also in not being *signed* by the *principals.*   The statute declares that no recogni-

zance shall be valid, unless signed by the party recognized to appear, 2 *R. L.* 149, § 18.

The declaration is defective for the want of necessary and material averments; it is not averred that the recognizance was *enrolled* in the court of general sessions. 4 *Wendell*, 393. 3 *Chitty's Pl.* 249 *to* 251. *Prout patet per recordum* is not enough, such words in a pleading being mere matter of form, and the want of them being to be taken advantage of only by special demurrer. 1 *Chitty*, 350, 356. Nor is it averred that *it appears of record* that the principals made default; the action is founded on a *record*, and it must be averred that it appears of record that the action lies. 2 *R. L.* 500, § 1. Nor is it averred that the bail was required to produce his principals, that he made default, and that such default was entered.

*C. L. Allen*, for the people. Any member of the court of general sessions has a right to admit to bail, *after indictment*, any offender who may be tried at the sessions. It is a power existing at common law, and which may be exercised, unless restrained by statute. 1 *Bacon's Abr.* 350, tit. *Bail in Criminal Cases, B.* 3 *Hawk. P. C.* 208, 210. 2 *Hale*, 136. 1 *Chitty's Cr. L.* 77. 2 *Comyn's Dig. tit. Bail, F.* 4. 1 *Wheeler's Cr. Cas.* 436. The act of 1813, 2 *R. L.* 506, does not restrain the exercise of this power; it is an enlarging, and not a restraining statute; it is a transcript of 1 *& 2 Ph. & M. ch.* 13, § 3, which has been held to be an enlarging statute. If one justice has power to admit to bail, the recognizance cannot be vitiated because taken by two. The form of the recognizance is sufficient, at all events, as far as it required the appearance of the accused; and as to the signature of the principals, it surely was not necessary to allege matter not existing in the case; this is a suit against the bail on his recognizance, and not on a joint recognizance of him and the principals. The declaration contains all necessary averments, and if defects exist, they could be reached only by a special demurrer. 1 *Chitty's Pl.* 357. 3 *id.* 247. 5 *Johns. R.* 168. 8 *id.* 111.

*By the Court,* SUTHERLAND, J.   It is contended, in the first place, in support of the demurrer, that two justices of the peace have no authority or jurisdiction to let to bail, under the circumstances stated in the declaration, or to take such a recognizance as the one declared on ; and the act of April 13th, 1813, 2 *R. L.* 506, § 1, 2, 3, declaring the powers and duties of justices of the peace is referred to, as comprising the only authority which justices of the peace possess to bail in any case.   The public prosecutor concedes that the authority is not conferred by that or any other statute ; but he contends, that at common law, any member of the court of sessions has a right to bail, *after indictment,* any person charged with a crime which the court has jurisdiction to try ; and that such common law power has not been taken away or restrained by statute.

*Hawkins,* in his *Pleas of the Crown, p.* 103, *ed. of* 1739, in considering the question how far bail is grantable by justices of the peace, by construction of the statutes and commission which gave them a jurisdiction over certain crimes, says, that wherever justices of the peace have jurisdiction of a crime, they may bail the person *indicted* before them of such crime, upon such circumstances as other courts may bail ; and that upon this ground it seems clear that any two justices, whereof one is of the *quorum,* may, of common right, bail persons *indicted before* the sessions of justices of the peace, for that any two such justices may hear and determine the indictment. It has also, he says, been holden, that any *one* justice has the like power, because every such justice being a judge of the court which is to determine the offence, seems consequently to have a discretionary power of judging whether it be bailable, and of admitting the party to bail ; and he refers to the statute of 1 *Rich.* 3, *ch.* 3, which gives one justice of the peace power to bail persons arrested for felony, *in like form as if such person had been indicted at sessions,* as clearly implying that if such persons had been *indicted at sessions,* they might have been bailed by any one justice ; and he remarks that the various statutes relating to the power of justices of the peace in granting bail, have not restricted the power which they previously possessed in relation to persons *indicted* of bailable

crimes, under the degree of felony. In 1 *Bacon's Abr. tit. Bail in Criminal Cases, B.* 350, the law upon this point is thus stated : " It seems clear that wherever justices of the peace have power to hear and determine any offence which is bailable, any one of such justices has power to bail any person *indicted* at the sessions for such offence, because every such justice is a judge of the court which is to try it ;" and he cites *Hawkins & Hale's P. C.* 105 ; *vide etiam Comyn's Dig. tit. Bail, F.* 4 ; 1 *Chitty's C. L.* 95 to 99. It would seem from these authorities, therefore, that independently of any express statutory provisions, justices of the peace, or *any one justice,* may bail persons *indicted* before the sessions of a bailable offence, upon the general principle that every member of a court which has authority to try an offence, can bail the offender. But he cannot bail until *after indictment,* as he has not jurisdiction, or is not a judge in the case, until it comes regularly before him by indictment, except where the offence tends directly to a breach of the peace ; in which case the power of letting to bail seems to belong to the justice as conservator of the peace. The act organizing and declaring the powers of the courts of general sessions of the peace, 2 *R. L.* 150, enacts that the justices of the peace of each of the counties of this state, (the city and county of New-York excepted,) or any three or more of them, of whom a judge of the court of common pleas shall always be one, shall have power to hold the court of general sessions of the peace in the said counties respectively. The general sessions have power to try all offences not punishable with death, or imprisonment in the state prison for life. The offence charged in this case was a *misdemeanor,* and was of course within the jurisdiction of the general sessions.

The next inquiry is, whether this power of justices of the peace, to let to bail, as incident to their jurisdiction to try certain offences, has been restrained or modified by statute. The principal provisions upon this subject are contained in the act declaring the powers and duties of justices of the peace. 2 *R. L.* 506. The first section declares that the justices in the several counties shall have power jointly and severally to cause to be kept all laws for the preservation of the peace, and to

cause all persons who shall break the peace to come before them, and to commit them to jail, or to bail them, as the case may require; and also all persons who shall threaten to break the peace, and cause them to find security for the peace, or for their good behavior, and if they refuse, to commit them to prison. Every recognizance so taken is to be sent or brought into the next court of general sessions. All the powers here enumerated belong to justices of the peace, as peace officers, by virtue of their office at common law, independently of any statute. The second section makes it the duty of every justice of the peace before whom any person shall be brought for any fraud or felony, or for suspicion thereof, before he commit him to jail, to take his examination, and the information of those who bring him, and to reduce the same to writing within two days, and to bind the witnesses by recognizance, and to send such examination and recognizance to the next court having cognizance of the offence. The 3d section provides, that any two justices of the peace jointly out of sessions, may, at their discretion, let to bail prisoners arrested and in jail in their respective cities and counties, *charged on suspicion of felony*, to appear at the next court having cognizance of the offence, and where the prisoner ought to be tried. The 4th section institutes and organizes courts of *special sessions* of the peace, and provides that if any petty larceny, misdemeanor, breach of the peace, or other criminal offence, under the degree of grand larceny, be committed, and the person charged therewith on oath, before any justice of the peace, *shall not forthwith give good and sufficient bail to appear and answer for the same at the next court of general sessions of the peace,* &c. he shall be committed to the custody of a constable; and if within 48 hours he does not give such bail, he may then be tried by the special sessions. The 4th section of the act concerning the courts of common pleas and general sessions, 2 *R. L.* 148, was also referred to by the counsel for the defendants; it merely provides that the first judge of any court of common pleas may, by and with the advice and consent of the attorney general or district attorney, *let to bail* any prisoner confined, &c. for any crime or offence, in like manner as a justice of the supreme court had authority to do, and

for that purpose, authorizes such first judge to allow a writ of *habeas corpus* to bring up such prisoner. I do not perceive that the power of justices of the peace, to bail *after indictment* such offenders as they have authority to try as members of the court of sessions, is affected by any of these statutes. The third and fourth sections of the act, declaring the powers and duties of justices of the peace above referred to, give them powers which they did not before possess, but take none of their previous authority from them. Thus, the third section authorizes two justices to let to bail prisoners *arrested and in jail, charged on suspicion of felony,* that is, *before indictment*—a power which they did not previously possess; and the fourth section, in the cases therein enumerated, that is, in all cases under the degree of grand larceny, authorizes any one justice before whom the charge is made, *before indictment,* to take security or bail for the appearance of the offender at the next sessions. It is not perceived that the provisions of the *habeas corpus* act, 1 *R. L.* 354, and the authority given to the first judge of the courts of common pleas, by and with the consent of the attorney general or district attorney, to let to bail in certain cases, have any bearing upon this case. My conclusion therefore is, that the recognizance in this case was entered into before officers having competent authority to take it, and I see no objection to the form or substance of the condition.

The other objections made to the declaration are, 1. That it does not appear that the recognizance was signed by Buck and Forsaith, the principals; 2. That it is not averred that the recognizance was sent or brought into court, or that it had in any manner been made a *record;* and 3. That it is not averred that it in any manner appears *of record* that the principals made default, &c. nor does it appear that the defendant made default in producing his principals, &c. Although the declaration may in some of the particulars above mentioned be defective in precision and form, I am inclined to think that it is good upon general demurrer.

It cannot be necessary, in a declaration against the surety, that it should affirmatively appear that the principals signed the recognizance. I am not aware that it is legally indispensable that they should unite in the same recognizance. The

18th section of the act, concerning courts of common pleas and general sessions of the peace, referred to by the defendant's counsel, certainly does not show it to be necessary. 2 *R. L.* 149, § 18. That section merely provides that all recognizances, in order to be valid, must be signed by the party intended to be bound by them.

It is undoubtedly necessary that it should appear that the recognizance was filed in, or made a record of the court in which it is returnable. *The People* v. *Van Eps,* 4 *Wendell, 393, and the cases there cited.* 7 *Went. Pl. 55 to 78.* The declaration in this case, although it does not positively aver that fact, expressly refers to the recognizance as a record of the court of sessions. Upon general demurrer, I am inclined to think this is sufficient. 1 *Chitty's Pl.* 354, 7, 8.

The case of *The People* v. *Van Eps* shows that the averment that the principals although called did not appear, was in substance equivalent to an averment that their default for not appearing was entered of record, as the entering it of record was the necessary legal consequence of the default.

The averment that the principals, when called, did not appear, necessarily involves the fact that the defendant did not produce them.

The breach is sufficiently alleged. Upon the whole, the plaintiffs are entitled to judgment upon the demurrer, with leave to the defendant to plead on payment of costs.