## THE PEOPLE *vs.* BLACKMAN and another.

A suit on a criminal recognizance, conditioned for an appearance at the general sessions, should be prosecuted in the common pleas of the proper county ; and if brought in this court, unless for special reasons, the proceedings will be set aside.

The supreme court has jurisdiction of such actions, but declines to exercise it for reasons of fitness and convenience, and principally because the courts of common pleas have an equitable jurisdiction, which this court does not possess, to relieve the defendants upon terms.

If either of the defendants resided without the county where the recognizance was returnable, it would furnish a reason for bringing the suit here.

DEBT, on a recognizance to appear at the general sessions of the county of Schenectady, to answer to a criminal charge. The defendants all live in Schenectady. A motion was now made on behalf of the defendants to set aside the proceedings, on the ground that the action should have been brought in the court of common pleas of that county.

*J. Fuller*, for the defendants.

*P. Potter,* (district attorney,) for the people.

BEARDSLEY, J. granted the motion, holding that although this court had jurisdiction of the cause, it was not bound to exercise it where the suit could with more propriety be prosecuted in the court of common pleas. The court of common pleas of Schenectady county has an equitable jurisdiction to remit or discharge this recognizance upon such terms as may be deemed proper, and which power is vested exclusively in that court. (2 *R. S.* 486, § 37 *to* 41.) It is therefore fit and proper that the action should be prosecuted in the common pleas. No doubt the common pleas may exercise this equitable power, although the action is pending in this court, ( *The People* v. *Van Eps,* 4 *Wend.* 387 ;) but it can be more conveniently done where the suit is prosecuted in that court.

The question stands essentially on the principle which re-

quires actions on bail bonds and on recognizances of bail, to be prosecuted in the same court in which the original cause was pending. In such cases the court has an equitable power to relieve bail; and where bail was taken in a court of common pleas, and the suit against them is brought in this court, it will be dismissed, unless some special reason for retaining it is shewn. (*Burtus* v. *McCarty*, 13 *John.* 424; *Otis* v. *Wakeman*, 1 *Hill*, 604.) If either of these defendants resided beyond the jurisdiction of the common pleas of Schenectady, that would furnish good cause for bringing the suit in this court. (*McDougall* v. *Richardson*, 3 *Hill*, 558, *and cases there referred to*.) But both defendants reside in Schenectady, and the action should have been brought in the court of common pleas of that county.

Motion granted.