Longley v. Vose.

not of full value, and falls within the principle of the case above referred to.                    *Exceptions sustained.*

---

THOMAS LONGLEY & *al. versus* RICHARD H. VOSE.

Where the record to be proved is a record of the Court before which the proof is to be made, the regular course is to make the proof by a production and inspection of the record.

Where it appears from the docket of the clerk of the Court, that a party with his surety entered into recognizance to prosecute an appeal from a judgment of a district court to the Supreme Judicial Court, and the clerk dies before the recognizance is extended upon the record, it is competent for a subsequent clerk, by direction of the Court, to complete the imperfect record of the deceased clerk. But the new clerk has no authority to do it without such direction.

The minutes, or short notes, of the clerk upon the docket must stand as the record, until a more extended and intelligible record can be made up therefrom.

A recognizance, taken in the district court, being a court of record, conditioned to enter and prosecute an appeal made to the Supreme Judicial Court, in a civil action, becomes a part of the record of the case in the district court; and an action of debt can be maintained thereon, as a record of the district court, on a failure to perform the condition.

REPORT from the Middle District Court, REDINGTON J. presiding.

" Debt on recognizance. Pleas, *nil debit* and *nul tiel record,* leave having been given to plead double.

" Plaintiffs read a certified copy of record marked A.

" Defendant suggested that there had been an alteration or addition to the record, and that said certified copy was not conformable to the record.

" Defendant introduced a volume of the records of the district court, and read the record of the case, closing with the words " from which judgment, the defendants appealed to the Supreme Judicial Court, next to be holden at Augusta, within and for the county of Kennebec, and entered into recognizance with sureties, as the law directs, to prosecute their said appeal with effect."

" Defendant also introduced a paper marked B. containing an extract from the record and a statement of what William M. Stratton, Esq. clerk of the Courts would state as a witness, if admissible.

" The writ, declaration, pleadings, the said certificate marked A., the said book of records and said paper marked B, may be referred to.

" The following questions arose upon the foregoing facts : —

" 1. Had Mr. Stratton authority to extend the said recognizance marked A, in the form in which it now appears ?

" 2. Is Mr. Stratton's testimony admissible to show the facts, which he states ?

" 3. Is the difference between the extract from the record, and the said recognizance, introduced in the case in evidence, material, and if so, fatal to the action ?

" 4. Are the plaintiffs upon all the facts exhibited entitled to recover ?

" The parties then agreed that said case should be reported by the District Judge for the decision of the S. J. Court, upon the stipulation, that if the plaintiffs upon the foregoing case, are entitled to recover, defendant is to be defaulted, with judgment for plaintiffs for such debt or damage as they are by law, entitled to recover with costs.   Otherwise, plaintiffs to become nonsuit with judgment for defendant, for costs.   Accordingly the case is hereby reported by

, " Asa Redington, Presiding Judge of Dis. Court."

A.

" STATE OF MAINE. ·

" Kennebec, ss.   At the district court for the middle district, begun and holden at Augusta, in and for said county, on the first Tuesday of August, A. D. 1840.   Be it remembered, That before our Justice of said Court, personally appeared the Longley Stage Line Company, and Richard H. Vose of Augusta, county of Kennebec, Esq., and acknowledged themselves to be severally indebted to Thomas Longley and Benjamin Rackley, of Greene in said county of Kennebec, and Jairus Phillips of Turner, county of Oxford, in the respective sums following,

to wit: the said Longley Stage Line Company, as principal, in the sum of one hundred dollars, and the said Richard H. Vose, as surety, in the sum of one hundred dollars, each, to be levied on their goods or chattels, lands or tenements, and in want thereof upon their bodies (to the use of said Longley, Rackley & Phillips,) if default be made of the condition following : — The condition of the above written recognizance is such, that whereas, the said Thomas Longley, Rackley and Phillips, on the first day of January, A. D. 1840, sued out their writ of attachment, in due form of law against said Longley Stage Line Company, returnable to the district court for the middle district, then next to be holden at Augusta, in and for said county, on the first Tuesday of April, A. D. 1840, in a plea of the case, alleging their damages to be seventeen hundred dollars, and duly entered said action at said court, from which it was continued to this term, and now, in this term, the parties having appeared and filed a demurrer, reserving leave to waive the pleadings, and plead anew, in the Supreme Judicial Court.  Whereupon it was adjudged by said court, that the defendants' plea was bad, that the plaintiffs recover against said defendants the sum of ———— dollars ———— cents damages, and costs of suit, taxed at ———— dollars and ——— cents. From which judgment said defendants appeal to the Supreme Judicial Court next to be holden at Augusta, in and for said county, on the first Tuesday of October next.  Now if said defendants shall prosecute their said appeal with effect, and pay all such costs as may arise in said suit after said appeal, then this recognizance to be void.        " J. A. Chandler, *Clerk.*"

" A true copy, as of record appears.

"Attest, Wm. M. Stratton, *Clerk.*"

B.

" Kennebec, ss. — D. C. M. D. Aug. Term, 1840.

" *Transcript from the Docket.*

" 544.  *Thomas Longley & als.* v. *Longley Stage Line Co.*
        " *Wells.*          *Edwd. Little — Vose & Lancaster.*

" 10.  Demurred plea bad—R. H. Vose recognizes in $100.
                " Single cost to abide the result.

" Recorded vol. 3, page 155."

"*Extract from the Record.* —

" From which judgment the defendants appealed to the S. J. Court next to be holden at Augusta, within and for the county of Kennebec, and entered into recognizance with sureties as the law directs to prosecute their said appeal with effect.

" Mr. Stratton, the present clerk, states, that sometime before the date of the writ in this case (*Longley & als.* v. *Vose,*) the plaintiff's attorney, Samuel Wells, Esq. applied to him for a copy of the recognizance filed in the original suit, *Longley & als.* v. *The Longley Stage Line Co.* and that he accordingly took a recognizance blank and filled it up from the docket, and sent it to said Wells, and it is the same now filed in the case. It does not appear that any copy of said recognizance was ever filed in the S. J. Court, or that said recognizance was ever in any other manner extended by the present or any former clerk. — Said Stratton further states, that so far as he is acquainted with the practice in the clerk's office, it has not been usual to extend recognizances until called for by the party interested, and until recently the record of an appeal has always been made up as within stated.

                                                        " W. M. Stratton."

*Wells*, for the plaintiffs, contended, that the copy of the record, as now introduced, attested by the clerk, was evidence of the existence of such record ; and that it was conclusive, and could not be contradicted.

But if the testimony of Mr. Stratton, the clerk, is admissible, it was proper for him to extend the minutes of the former clerk upon the record and certify it. It is not the practice to extend such minutes upon the records until called for. *Welch* v. *Chesley*, 22 Maine R. 398.

The minutes of the former clerk, however, are of themselves a sufficient record to enable the plaintiff to recover. The clerk states, that the recognizance was taken according to law, and such was the order of the court. An error in the judgment, as made up, in stating what the law was, cannot destroy the effect of the recognizance.

*Lancaster*, for the defendant, contended, that the action could not be maintained, because the record shows, that no such recognizance was taken as the law at that time required. Unless the recognizance is authorized by the statute, it is void. *Owen* v. *Daniels*, 21 Maine R. 180. Here the recognizance was to prosecute the appeal with effect, when the law required that it should have been to pay all costs that might arise after the appeal.

If the recognizance was not good under the statute, it cannot be good at common law. 21 Maine R. 184. But if good at common law, the condition was performed by entering the action in the Supreme Court. 2 Greenl. 115 ; Yelv. 59 ; Cro. Jac. 67.

If the question be as to the existence of a record of the same court, the trial is by an inspection of the record itself. 1 Stark. Ev. 151 ; 2 Wash. Rep. 215 ; 1 Inst. 260.

The declaration is not sufficient to enable the plaintiff to maintain the action, inasmuch as it does not allege, that the recognizance was returned to, and made a part of the records of the Supreme Judicial Court, to which the appeal was made. And the case finds, that it never was returned there. *Libby* v. *Main*, 2 Fairf. 344 ; *Dodge* v. *Kellock*, 1 Fairf. 266.

*Wells*, in reply, said, that the cases cited did not support the last position of the plaintiff. Those were where appeals had been taken from the judgment of a justice of the peace, which tribunal was not a court of record. It must be returned to the court appealed to, and there recorded, or it would not become a record. Here the recognizance was never returned to the S. J. Court, and the suit must be upon it, in this court, and there is where it should be and remain, to show that the action had legally gone out of that court.

The opinion of a majority of the court, Whitman C. J. dissenting, was drawn up by

Shepley J. — The action is debt. The declaration is upon a recognizance as a record of the district court for the middle district. The defendant pleaded *nil debit* and *nul tiel record.*

The case is presented on a report made by the District Judge for the decision of certain legal questions arising there, and having reference to the competency, and to the effect, of the testimony there exhibited to prove the record referred to in the declaration.

It appears by a transcript from the docket of that court, made under an action in favor of the plaintiffs against the Longley Stage Line Company, that the defendant entered into recognizance to the plaintiffs as surety for the prosecution of an appeal by the defendants in that action, made from a judgment of that court, during its term in the month of August, 1840. The clerk of the courts deceased without having extended the recognizance. Nor was it found extended in the record of that action among the records of the proceedings of that court. Before the commencement of this action, the present clerk extended the recognizance and affixed to it the name of the deceased clerk, and transmitted an attested copy of it, as a copy of the record, to the attorney of the plaintiff. This copy was presented and received without objection, as proof of the existence of the record. The defendant presented the minutes of the clerk made upon the docket under that action; and the record of that action as made in the records of that court.

The counsel for the plaintiff contends, that such copy of the record, attested by the clerk, was conclusive evidence of the existence of the record; and that the testimony of the clerk, stating the manner of making the record was not admissible.

The record to be proved was a record of the court, before which the proof was to be made. In such case the regular course is to make the proof by a production and an inspection of the record itself. In this case, the court would not thereby be informed of the existence of any extended record of the recognizance. On the contrary, the genuineness of the paper purporting to be an attested copy of such a record, would be disproved, and its legal effect destroyed. That court might have directed the present clerk to complete the imperfect records of the deceased clerk, and the record thus made up,

might have been made valid without the use of the name of the former clerk in an unauthorized manner. But no such direction appears to have been sought or obtained.

The plaintiffs, to maintain their action, must depend upon the effect of the evidence arising out of the minutes of the deceased clerk, made upon the docket, and the reference to a recognizance contained in the record of the action. The minutes of a deceased justice of the peace, made upon his docket, have been regarded as substantially a record of his proceedings, and as satisfactory proof of a judgment rendered by him, in a civil action. *Baldwin* v. *Prouty*, 13 Johns. R. 430; *Davidson* v. *Slocomb*, 18 Pick. 464. Shaw C. J., in delivering the opinion of the Court in the case of *Pruden* v. *Alden*, 23 Pick. 184, says, " the Court are to take notice how the records of their own and of other Courts, are in fact made up. The clerk entrusted with the duty of keeping records must, of necessity, take down the doings of the Court, in short and brief notes; this he usually does in a minute book, called the docket, from which a full, extended and intelligible record, is afterward to be made up. But, until they can be made up, these short notes must stand as the record; and if in the mean time, through the death or sickness of the clerk or other casualty, they are lost, it must be deemed a loss of the records, and secondary proof may be offered of their contents." This doctrine, in its proper practical application, can do no injustice; for the clerk is subject to the control of the Court, in making up the record from the minutes taken by him; and the same Court, can as well be informed of the substance of the record by the minutes, as by the record made up from them by its direction. When proof of the existence of a record, is to be made before the same Court, that arising from the minutes of the clerk properly made, may be nearly, if not quite, as satisfactory, as that derived from an extended and completed record.

From the short minute of the clerk in this case, that the defendant " recognizes in $100," the Court, in which it was made, would be informed, that he had entered into such

a recognizance as the law then required, in the sum of $100, to be extended according to the usual form and course of proceeding in that court; and such a record would accordingly be considered as proved by the minute of the deceased clerk, until a more extended and perfect one could be made.

To such a conclusion, this objection is made by the defendant, that the record of the action states, that he entered into recognizance to prosecute the appeal "with effect;" and that such a recognizance would be at variance with one provided for, by the statute, c. 373, § 4, requiring, that it should be "to prosecute his appeal and to pay all such costs as may arise in any such suit after such appeal."

While the record of the action thus states, it further states, that he entered into recognizance "as the law directs." If the clerk misapprehended the law and erroneously made use of the word effect, such an error in the record of the action would not affect a record of the recognizance as proved by the minutes. The latter would be the true record of it, the former but a reference to it, stating, it may be, its contents in one particular, erroneously. In the case of *Thurston* v. *Slatford*, 1 Salk. 284, Holt C. J., speaking of a record, remarked, "if there be a mis-entry, it might be supplied and corrected by other evidence, for he should not be precluded by the mistake or negligence of the officer." By other evidence he doubtless intended such other evidence as might be legal and appropriate to the purpose.

A further objection is, that the recognizance was not, and was not alleged to have been, returned to, and entered of record in this Court.

Recognizances are of different descriptions, and they are entered into for different purposes. They are by our law entered into before courts of record and constitute a part of their proceedings to be recorded; and before justices of the same courts, acting ministerially by virtue of authority conferred upon them by statute for that purpose. They are entered into before justices of the peace, when there are proceedings between parties pending before them, and when there are no such pro-

ceedings. In criminal cases a recognizance may be entered into before a justice of the peace, conditioned to keep the peace, or to appear before some court, to answer to such matters as may be alleged against him, or to testify as a witness, or to enter and prosecute an appeal. They may also in such cases, be entered into before courts of record, conditioned to appear before the same court from day to day, or at a day fixed by an adjournment of the same term, or at the next term. If the recognizances last named are not matters of record in the courts, in which they are taken, they cannot become matters of record in any court. In civil proceedings, recognizances are entered into before justices of the peace, when they constitute a part of the proceedings before them, conditioned to enter and prosecute an appeal made to the district court ; and when no such proceedings are before them, conditioned to enter and prosecute an appeal made from the district court to this Court. Rev. Stat. c. 97, § 14, as amended by the act of 1841, c. 171. They may be entered into before the district court, conditioned to enter and prosecute an appeal made to this Court.

Any attempt to show, that there is one general rule of law applicable alike to all these different kinds of recognizances, by which they are to be decided to have been all taken by a court or magistrate acting ministerially or otherwise, or to have been matters of record or not matters of record before the tribunal or magistrate taking them, must lead to an erroneous conclusion.

To avoid such a conclusion it is necessary to notice the different kinds or classes of recognizances, upon which some of the judicial decisions have been made.

In the case of *Bridge* v. *Ford*, reported, 4 Mass. R. 641, and 7 Mass. R. 209; and in the case of *Libby* v. *Main*, 2 Fairf. 344, the recognizances were taken by a justice of the peace, before whom a civil action was pending ; and they were conditioned to enter and prosecute an appeal. The decision was, that the recognizances should appear to have been returned to and to have been entered of record in the appellate

court, to enable the party to maintain an action of debt upon them.

· A recognizance is an obligation of record, to be proved by the record. It is not signed or sealed by the party entering into it. It is of a higher character than a specialty. Courts held by justices of the peace, not being courts of record, there could be no legal proof made of the recognizance as a record in those cases without the proof required. That this is the principle upon which those decisions were made, is apparent. Parsons C. J. says, " this recognizance must be matter of re-cord, and in debt upon it the defendant may plead *nul tiel record.*` Whenever therefore a justice recognizes a party to appear at any court of record, it is his duty to transmit the recognizance to that court, that it may be entered of record." It is clearly implied to be his duty to do so, because it could be a matter of record only by such a course. He did not state or intimate, that a recognizance taken by a court of record must be transmitted to the appellate court, that it may become a matter of record. On the contrary, when speaking of the forms of declarations in actions of debt, he says " in all [such forms] the recognizance is alleged either to be taken by a court of record or to be delivered to the court and recorded." After the declaration had been amended by declaring upon the recognizance as taken before the justice and produced, and upon it as a record remaining with the justice, the court decid-ed, that the action could only be supported by a declaration upon it, as a record of the court of common pleas; obviously because it could not become a matter of record before a court, which was not a court of record. The case of *Libby* v. *Main*, was but an affirmance of the same doctrine.

The recognizance in the case of *The People* v. *Van Eps*, 4 Wend. 387, does not appear to have been taken by a court of record or in any court. It was entered into before the first Judge of a county court, conditioned for the appearance of a person at the next court of oyer and terminer to answer to such matters as might be alleged against him. An action of debt was commenced upon it. Mr. Justice Sutherland, in the

opinion, says, " but the declaration appears to me to be defective in not averring, that the recognizance was ever filed or made a record of any court. It does not, strictly speaking, become a recognizance or debt of record, until it is filed or recorded in the court, in which it is returnable." This is a correct position, when applied, as in that case, to a recognizance taken by a Judge acting simply by virtue of power conferred by statute and not as a court of record.

The question presented in this case, is, whether a recognizance taken in the district court, being a court of record, conditioned to enter and prosecute an appeal made to this Court in a civil action, becomes a part of the record of the case in the district court.

By the act approved February 25, 1839, c. 373, in force when it was taken, it is provided, that " the party so appealing, before such appeal be allowed, shall recognize with sufficient surety or sureties to the adverse party." The Court must therefore act judicially in taking the recognizance, in deciding upon the sufficiency of the sureties, and in the allowance or disallowance of the appeal. And these acts must necessarily constitute a part of the record, by which alone it can be legally proved or judicially known, that the action has been legally transferred from that court to this Court. The paper called the recognizance, as it is drawn and certified by the clerk, recites the proceeding as an act of the parties, performed before the Court. This paper has in itself no validity, except as a transcript of the record ; and it does not, except as such, constitute any legal proof, that a recognizance was taken. It is the Court, that takes the recognizance by a verbal declaration made by the party in language dictated by the Court, and spoken through its clerk, and to be recorded by its clerk. This record is the recognizance as entered of record.

According to the English practice, which constitutes the basis of ours, there does not appear to be any such separate paper, when a recognizance is entered into in open Court. When one is entered into, in the nature of bail before a magistrate or commissioner, a paper denominated a bail piece is

returned to the Court where the action is pending, to become a matter of record there.   But when bail above is put in, that is, when it is entered in Court by a recognizance there taken, the act does not appear to be exhibited or verified by any separate paper.   2 Sellon's Pr. 138 to 143.   Tidd's Pr., forms 94, 99, 101, 102.   When a recognizance is taken before a commissioner and transmitted to the court, it is there extended at large upon the record, and it acquires validity as a record by being received and entered of record by the Court.   3 Bl. Com. Appendix, No. III. § 5.

In the case of the *Commonwealth* v. *McNeil,* 19 Pick. 127, the suit was *scire facias* upon a recognizance entered into in the police court, conditioned, that the principal should appear to answer before the municipal court; and it was transmitted to the latter court and entered of record there ; and was estreated into the court of common pleas, in which the action was commenced.   The first record of the recognizance transmitted from the police to the municipal court was defective. Upon a motion suggesting a diminution of the record, a more full and perfect record was transmitted from the former to the latter court.   This course was approved by the Supreme Court, where it was treated as a record of the police court, in which it was taken.   Shaw C. J. says, " had the justices from any source ascertained, that they had sent an imperfect record, they would have been at liberty within a reasonable time to have sent a more perfect one."   Here is a recognizance entered into in the police court conditioned for the appearance of the party in another court, where it was entered of record, decided to be a record of the court, in which it was taken, and liable as such to be amended on suggestion of a diminution of the record.   This could not be, if the police court acted ministerially and not judicially in taking it.   There could be no record of it in the police court, if there be no record of a recognizance, until it be entered of record in the court where the principal is to appear or is to perform some act required by it.

In the case of *Vallance* v. *Sawyer,* 4 Greenl. 62, the suit was *scire facias* upon a recognizance, taken in the court of

common pleas, conditioned to enter and prosecute an appeal made to this Court, to which the recognizance was returned and entered of record ; and in which the suit upon it, was commenced.    In defence, it was insisted, that the suit should have been commenced in the court of common pleas.    MELLEN C. J. says, " the usage has invariably been, to issue it from that Court, to which the appeal is made, for the prosecution of which, the recognizance is taken, and to which the same is properly returned ; and where the final judgment is rendered, for the total or partial satisfaction of which, recourse is had to the sureties in the recognizance, there is the record of such judgment.    The very language of the writ, " as to us appears of record," shows this.    In addition to the reason of the thing, the authorities cited by the plaintiff's counsel, are decisive of the question.    The decision was doubtless correct, that the suit might be maintained in this Court, founded upon the record there made.    Neither the reasoning, nor the authorities cited, authorize a conclusion, that there was no record of the recognizance in the court of common pleas.    The record made in one court, often becomes also a part of the record of another court, to which it is transmitted or removed.    The case does not decide, that the recognizance did not constitute a part of the record in the court of common pleas, or that an action could not have been maintained upon it in that court.

It is said, that the recognizance should not only be transmitted to the appellate court, but the default should be there entered of record.    When a party fails, in a case like the present, to enter his appeal, there can be no further entry in the appellate court, than a judgment, affirming that made in the lower court.    In the case of *Bridge* v. *Ford,* 4 Mass. R. 643, PARSONS C. J. says, " in a recognizance to the party, it may not be necessary, that the breach of the condition be a matter of record, as it is, when the recognizance is to the Commonwealth, who can take only by record."    But respecting this last position, the Court gave no opinion.    In the case of the *People* v. *Van Eps,* Mr. Justice Sutherland says, " it ought also to have been averred, that the default of the

principal for not appearing, was entered of record, though this omission, would not of itself be fatal, as it is averred, that he was called and did not appear." No *authority* cited, or brought to the notice of the Court shows, that the breach of a recognizance, entered into, conditioned to prosecute an appeal made in a civil action, can be proved only by a default entered of record in the appellate court.

If the record declared upon in this case be proved to exist as a record of the Court, in which the recognizance was taken, it proves the other issue also, that the defendant was indebted to the plaintiffs.      *Defendant to be defaulted.*

The following dissenting opinion was delivered by

WHITMAN C. J.  This is an action of debt on a recognizance.  It comes from the district court, with a report of the facts, and points of law thereupon raised, accompanied with an agreement by the parties, as, also, reported by the Judge, that, if the plaintiff, upon the case stated, is entitled to recover, the defendant is to be defaulted; otherwise that the plaintiff shall become nonsuit.

*Nil debit* and *non est factum* were pleaded, and issues thereon joined.  No objection was taken by demurrer, as there might have been, to the plea of *nil debit*.  But issue being joined thereon, it gave the defendant a right to avail himself of every matter in defence, which in general may be taken advantage of under such a plea; and the plaintiff might be called upon to prove every allegation in his declaration.  Chitty on Pl. 478.  The plaintiff, then, under the state of the pleadings, as well as under the agreement of the parties, might be expected to make out a perfect right to recover; and cannot be sheltered behind technical objections.

He must show, that the recognizance was matter of record in the district court; and that it was in conformity to law, together with a breach of its condition, as matter of record in that court, in not prosecuting the appeal, as conditioned in the recognizance, in this Court.  Now, it is believed that such recognizances are never extended, as matter of record, in the

Court in which they are taken; but that the original recogniz-
ance is uniformly transmitted to the appellate Court, it being
first merely noted in the conclusion of the judgment, and by
way of showing that an appeal had been duly taken, that the
appellant had recognized according to law, to prosecute his
appeal. It is true, that, in Blackstone's Commentaries, it is
said, that a recognizance is " an obligation of record, which a
man enters into before some court of record, or *magistrate,
duly authorized ;*" and that this *being certified to,* or being
taken by the officer of some court, is witnessed only by the
record of that court. That is, if certified to some court, it is
witnessed only by the record of that court. If taken in a
court of record, conditioned for any thing to be done in that
court, it, of course, becomes a record of that court, and is to
be witnessed only by its records.

The taking of a recognizance, conditioned for the perform-
ance of some act in another court, whether taken by an officer
of a court of record, or by a magistrate, or some person
specially authorized to take it, is a mere ministerial act; and in
either case is not a matter, properly, of record till returned to
the proper court, where, only, if any default takes place, it can
be noted, and made matter of record. Till then the recog-
nizance is no otherwise to be regarded, than if it were a bail
bond, which, in effect, it is, taken by a sheriff, which is no
record till returned into court, and made the ground work of
proceedings there.

Recognizances are not unfrequently taken out of Court, by
persons specially authorized for the purpose, who keep no
records. Certain justices of the *quorum* are authorized to take
them, as are also the individual justices of the district courts,
when any one stands committed for a bailable offence. Rev.
Stat. c. 140, § 38. In such case no record is made by either
of them. The justices are expected merely to transmit them
to the proper court, where a default may take place. And so
recognizances may be taken, even to prosecute an appeal from
the district court, by a person specially appointed for the pur-
pose, who would keep no record concerning it. Magistrates

and district courts often take recognizances of witnesses, conditioned for their appearance in this Court. No record is ever made, by either, of such an act, or any notice taken thereof on their records. They are simply taken and sent to the proper Court. There, only, are all recognizances, so transmitted, to be looked for; and there, only, can any default take place, and be noted and become matter of record.

Accordingly, in *Bridge* v. *Ford*, 4 Mass. R. 641, it was held, that, to maintain an action of debt on a recognizance to prosecute an appeal, from a judgment of a justice of the peace, it must appear that the recognizance had been returned to, and had been entered of record, in the appellate court. The same principle is affirmed in *Bridge* v. *Ford,* 7 Mass. R. 209; and again in *Libby* v. *Main & al.* 2 Fairf. 344. In either of those cases the averment might have been, with equal propriety as in this case, that the recognizance was a matter of record in the court appealed from; for justices are required by law (Rev. Stat. c. 116, § 19,) to keep a fair record of their proceedings; and, in case of appeal, the appellant (§ 11,) shall, at the appellate court, produce a " copy of the *record.*" And their records in civil causes, cognizable by them, are treated as such, uniformly. Their veracity cannot be impeached, any more than those of other courts; and on a plea of *nul tiel record* the trial is by inspection of them as of other records.

Hence it is manifest that there can be no distinction, in reference to this question, between appeals from the courts of justices of the peace, and other courts; and the authorities abundantly show it.

In the case of *The People* v. *Van Eps*, 4 Wend. 387, the court, speaking of a recognizance, say, that " it ought also to have been averred, that the default of the principal, for not appearing, was entered of record." This could only be done, where the default took place. Again; in the same case, it is further remarked, " it does not, strictly speaking, become a recognizance, or a debt of record, until it is filed or recorded in the court in which it is returnable.

In *Vallance* v. *Sawyer*, 4 Greenl. 62, which was *scire facias*, commenced originally in this Court, upon a recognizance taken in the court of common pleas, to prosecute an appeal in this Court, to which the defendant demurred, because, as he alleged, this Court had not original cognizance of the matter, C. J. MELLEN remarked, in delivering the opinion of the Court, that "the usage has *invariably been* to issue it, (the *scire facias*,) from that court to which the appeal is made, for the prosecution of which the recognizance is taken," and to which the same is properly returned ; and that "the very language of the writ, *as to us appears of record*, shows this." And in *Paul* v. *Nowell*, 6 Greenl. 233, the same Chief Justice, in delivering the opinion of the Court, says of a recognizance to prosecute an appeal from the court of common pleas to this Court, " it (not a copy of the record of it) has been returned to, and placed on the files of this Court ; and nothing more is required by our statute respecting appeals."

In *Johnson* v. *Randall*, 7 Mass. R. 340, which was *scire facias* on a recognizance, the Court held, that the action could not be supported, as it did not appear, that *the recognizance* (not a copy of the record of it) had been returned to, and made a record of the court of common pleas, from whence the *scire facias* issued.

If the decision be in the case at bar, that the action can be supported, it will be the first instance of the kind on record. To support such an action, it must be averred, that a default had taken place. And how can that be made to appear? It cannot appear by any thing to be found in the district court, to the records which, alone, is any reference made. Must it not appear by a record of the appellate court, if at all? Yet nothing of the kind appears, or is pretended to exist.

The defendant, therefore, may well avail himself of the defence, that there is no such record in the district court, as is averred ; for no record could be made there of any default upon a recognizance, like the one set forth; and may avail himself, moreover, of the defects relied upon, under the issue

of *nil debit* ; and the case seems clearly with him under the agreement of the parties, as to the judgment to be rendered.