John Tarbell & others *vs.* Joshua D. Gray & another.

A declaration, on a recognizance to prosecute an appeal, is bad, if it does not aver that the recognizance was returned to the appellate court, and there entered of record.

An omission to deny in the answer a fact necessary to the maintenance of the action, but not alleged in the declaration, is not to be deemed an admission of that fact, under the new practice act, *St.* 1852, *c.* 312.

*It seems,* that a declaration on a recognizance to prosecute an appeal must show that the court in which the recognizance was taken had jurisdiction of the action.

Action of contract on a recognizance conditioned to prosecute with effect an appeal from a judgment of the police court of Lowell to the court of common pleas, and pay all intervening damages and costs. The declaration set forth the recognizance, and alleged a breach thereof, by failure to pay the intervening

damages and costs; but contained no other averment, except the general conclusion that the defendants owed the plaintiffs the amount of the recognizance. The answer admitted the making of the recognizance, and alleged a performance of the condition thereof.

At the trial in the court of common pleas, the plaintiffs gave the recognizance in evidence, and *Perkins*, J. ruled that, upon this evidence alone, they were entitled to a verdict, which was returned accordingly, and the defendants alleged exceptions.

*R. B. Caverly*, for the defendants.

*B. F. Butler*, for the plaintiffs.

METCALF, J. It is a common law doctrine, which our statutes have not changed, that a recognizance, though not of itself a record, must be of record before it can avail the conusee; and that, when it is put in suit, it must be declared on as of record. Hence it was decided in *Bridge* v. *Ford*, 4 Mass. 641, and 7 Mass. 209, that a declaration on a recognizance like that now in suit is bad, unless it avers (among other things) that the recognizance was returned to the court of common pleas, and made a record of that court.* And so the supreme courts of Maine and New York have decided. *Dodge* v. *Kellock*, 1 Fairf. 266. *Libby* v. *Main*, 2 Fairf. 344. *People* v. *Van Eps*, 4 Wend. 387. These decisions are not impugned by the case of *Hobart* v. *Hilliard*, 11 Pick. 143, cited by the plaintiffs; for this question was not there stirred. The present declaration is therefore bad, and must have been so adjudged on demurrer.

---

* The following decision was made in Essex, November term 1856:

WILLIAM C. BOWLER *vs.* JOHN P. PALMER.

ACTION OF CONTRACT on a recognizance conditioned to prosecute with effect an appeal from a justice of the peace to the court of common pleas. The declaration alleged that " the said John P. Palmer entered into a recognizance to the said plaintiff, in the sum of one hundred dollars, a copy of the memorandum of which recognizance duly returned is hereto annexed." The defendant demurred to the declaration, for the reason that there was no averment therein " that said recognizance was entered of record in the court of common pleas." THE COURT sustained the demurrer.

*J. H. Robinson*, for the defendant.

*S. H. Phillips*, for the plaintiff.

But the defendants, instead of demurring, filed an answer, in which they alleged nothing but performance of the condition of the recognizance; and they failed to prove this allegation. The question now is, whether, by § 26 of the practice act, (*St.* 1852, *c.* 312,) they must be deemed to have admitted that the recognizance was returned to the court of common pleas and made a record there, by reason of their not having denied that fact, in clear and precise terms, in their answer. We think not; for it is only a "substantive fact, alleged with substantial precision and certainty" in a declaration, which that section declares shall be deemed to be admitted, if not clearly and precisely denied in the answer. But the substantive and material fact, without proof or admission of which this action cannot be maintained —namely, the return of the recognizance to the court of common pleas, and its being made a record of that court—is not alleged at all in this declaration. Yet § 2 of the practice act requires that "the substantive facts necessary to constitute the cause of action" shall be stated in a declaration, with substantial certainty; and by § 21 it is made a cause for demurrer that the declaration does not state a legal cause of action substantially in accordance with the rules contained in the other sections of the same act. The ruling of the court, therefore, that the plaintiffs might have a verdict without further evidence than that of the recognizance, as entered into in the police court, was erroneous. The defendants not having, by their answer, admitted the return of the recognizance to the court of common pleas, and its being made a record there; and that fact being necessary to the maintenance of the action, the plaintiffs were bound to prove it before they could have a verdict.

This matter was considerately examined in the case of *Brown* v. *Wakefield*, 1 Gray, 450; and it was there decided that the failure of a party to deny the allegations of his adversary shall not be deemed an admission of any fact not set forth in terms clear, full, unambiguous and with legal precision. *A fortiori*, the omission to deny (as in this case) a substantive and material fact, which is necessary to the maintenance of the action, but which is not alleged at all, cannot be held to be an admission of that fact.

The exceptions are sustained, and a new trial in the court of common pleas is ordered. If leave to amend the pleadings shall be there granted, the plaintiffs will doubtless take notice that, in the cases above cited from 4 Mass. and 2 Fairf., and in *Green* v. *Haskell*, 24 Maine, 180, an allegation (to which we have not before adverted) was also held to be necessary in order to show a cause of action, to wit, that the court in which the recognizance was taken had jurisdiction of the action.

*New trial ordered.*