## COUNTY OF MENDOCINO *v.* J. B. LAMAR, AND JAMES S. RAY.

PLAINTIFF IN SUIT ON CRIMINAL RECOGNIZANCE. — An action upon a recognizance given in a criminal case is properly commenced in the name of the county as plaintiff.

RECOGNIZANCE IN A CRIMINAL CASE. — An action will not lie on a recognizance given in a criminal case unless the recognizance is made a matter of record in the Court where it is returnable.

COMPLAINT IN ACTION ON CRIMINAL RECOGNIZANCE. — A complaint on a recognizance in a criminal case should aver that the same was filed in or became a matter of record in the Court where it was returnable.

APPEAL from the District Court, Seventh Judicial District, Mendocino County.

The following was the averment in the complaint concerning the making of the recognizance:

" That in consideration of the admission of the said W. J. Yates to bail, and pursuant to an order of said Court of Sessions, the said defendants, at the time and place aforesaid, made, executed, and delivered a 'recognizance,' a true copy of which is hereto annexed, and marked Exhibit 'A,' and asked to be taken and made a part of this complaint, and upon the delivery of said 'recognizance' or bond, the said W. J. Yates was released and discharged by the Sheriff of said county aforesaid, in whose charge she then was, and the delivery of said recognizance was for the purpose of procuring the release and discharge of said W. J. Yates, and upon the making and delivering of said recognizance she did go at large at liberty."

A copy of the recognizance was attached to the complaint, but there was no indorsement on it showing that it had been filed in Court.

The other facts are stated in the opinion of the Court.

*Henry H. Hartley*, for Appellant, argued that the action should have been in the name of the people as plaintiff, because the proceeding to forfeit a recognizance and collect the forfeiture was a part of the original criminal proceeding. He also argued that the complaint should have averred that the recognizance was made matter of record in the Court where it was returnable.

*J. G. McCullough*, *Attorney-General*, for the Respondent, argued that it was unnecessary to plead matter of law, and that the interest of the county in the recognizance was matter of law. He also argued that it was unnecessary to allege that the recognizance was of record, and that no further delivery was required than that pleaded; and referred to

*People* v. *Smith*, 18 Cal. 498; *People* v. *Love*, 19 Cal. 676; and *People* v. *Carpenter*, 7 Cal. 402.

By the Court, SHAFTER, J.:

This is an action upon a recognizance given in a criminal proceeding. The complaint was demurred to on the ground that the right of action was not in the county but in the people; and that the complaint, furthermore, did not contain facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendants declining to answer, judgment was entered against them in due course. The appeal is from the judgment.

First—The action is properly brought in the name of the county. Where a defendant convicted in a criminal proceeding is unable to pay the costs, or where he is acquitted, the costs become a county charge, and all fines and forfeitures, when collected in any Court in this State, are to be applied to the payment of the costs in which the fine was imposed or in which the forfeiture was incurred; and after such costs have been paid, the residue is directed to be paid to the County Treasurer of the county in which the Court is held. (1 Hit. Dig., Arts. 2,266, 2,281, 2,282.) The county has a direct interest in the collection of the amount due on the recognizance. If collected, the county will be relieved of the necessity of raising money for the payment of the costs by a resort to taxation; and in the event of a surplus, the surplus will belong to it by force of the legislative direction that it shall be paid into the County Treasury.

Second—It is objected that the complaint does not aver that the recognizance was filed in Court or that it became a matter of record. This is stated as a special ground of demurrer.

The objection is well taken. "A recognizance is an obligation of record. Without record there is no recognizance; and in an action on such obligation it should be alleged that the same was a record." (*People* v. *Huggins*, 10 Wend. 472;

*Bidge* v. *Ford*, 4 Mass. 641 ; *Tarbell et al.* v. *Gray*, 4 Gray, 445.)

Judgment reversed and cause remanded, with leave to plaintiff to amend complaint within twenty days after notice of filing of remittitur.

Mr. Justice SANDERSON expressed no opinion.