JACKSON, ex dem. Ten Eyck, vs. WALKER and others.

The interest in lands of a *cestui que use* may be sold by execution.

It is not necessary, in the return to an execution by virtue of which lands have been sold, particularly to describe the land sold ; the identity of the property may be shewn by parol.

A variance between the judgment and execution being amenable, cannot be taken advantage of on a trial for the recovery of land sold by virtue of the execution.

THIS was an action of ejectment, tried at the Yates circuit in February, 1829, before the Hon. DANIEL MOSELY, one of the circuit judges.

The plaintiff shewed title to the premises by the production of a sheriff's deed under a sale on a judgment obtained by the lessor of the plaintiff against Frederick Probasco and Aurelia his wife, docketed 7th September, 1826. The judgment was on a promissory note given by the wife of Probasco whilst sole for the sum of $412,36. The defendants objected to the execution under which the sale was had, on the ground of variance; the judgment being for $533,17, and the execution for $533,11. The seisin of the defendants also was stated on the 4th October, 1826; whereas the record appeared to have been filed on the 7th September, 1826. They also objected that the return endorsed on the execution was insufficient in not describing the premises sold, and insisted that parol evidence was inadmissible to identify them. The objections were overruled, and the identity of the premises sold and conveyed, proved by the deputy who sold the same. The wife of Probasco had been in possession of the premises since 1819. Early in 1824, she intermarried with Probasco : since when he and his wife, together with the defendants, her children by a former marriage, have been in possession of the premises. (The defendants had been admitted to defend as landlords.)

The defendants produced a deed of the premises in question to them from Israel Arnold, (under whom the possession of the wife of Probasco was obtained and held,) bearing date 28th April, 1824.

It was then shewn, on the part of the plaintiff, that in 1816, Thomas Walker, the former husband of Aurelia Probasco, entered into a contract with Israel Arnold for the purchase of the premises in question, and paid $25, in part payment of the consideration money. In 1819, Walker died, having paid no more towards the purchase, and the contract having become forfeited by its items. He left his widow in possession of the premises, with whom resided the present defendants and the children of a former husband of the name of Todd. The contract for the purchase of the premises was renewed with the widow, and she occupied the land; her children by her husband Todd laboring on the farm, and having under her the control of the business. Arnold proved the

NEW-YORK,
May, 1830.

Jackson
v.
Walker.

NEW-YORK, payment of the $25 by Walker, the original contractor, of about
May, 1830. $50, by the labor of one of the young Todds, and of the res-
Jackson      idue of the consideration money in cattle and money received
v.        from the family ; it appearing that one cow had been receiv-
Walker.      ed of the defendants which belonged to them.  At the time of
the execution of the deed, Mrs Probasco said that she wished
the conveyance made to the defendants, to prevent the land
being taken to pay Probasco's debts; and it was also shewn
that she had said that she did not mean to pay the note on
which the judgment was obtained until a mistake which she
alleged existed was rectified.  The evidence of the declara-
tions of Mrs. Probasco was objected to, but received subject
to the opinion of the court.  The jury found for the plaintiff,
subject to the opinion of the court.

*J. Taylor*, for plaintiff.

*H. A. Wisner*, for defendant.

*By the Court*, SAVAGE, Ch. J.    The variance between the
judgment and execution was a clerical mistake' and amenda-
ble.  (5 Johns. R. 100.)   As to the objection that the prem-
ises sold should have been  described in  the return to the ex-
ecution, and that parol  evidence was inadmissible to shew the
identity of the premises sold and conveyed  by the  sheriff's
deed, I find no  authority requiring the land to be particularly
described in  the sheriff's  return : it must be described in his
advertisement of sale ; but even should the sheriff not comply
with the directions of the statute in that respect, his  neglect
would not affect the title of the  purchaser at the sale und er
the  execution.

On the trial, the declarations of Mrs. Probasco shewing
that the object of taking  the deed in the name of the defend-
ants was to avoid the payment of the  debt due the lessor of
the plaintiff, and  to  secure  the  property from Probasco's
creditors, were admitted in  evidence subject to the opinion of
this court.  If this was  proper evidence, it was so because
the defendants derived title to  the  property through their
mother, and that she was the owner and in possession thereof
at the time.   It seems to me unnecessary to discuss this ques-

tion.  There can be no doubt that when the judgment was obtained against her and her husband, she had an interest in the land on which the judgment became a lien.  (9 Cowen, 85.)  She having paid the consideration and procured the deed to be executed to the defendants, they became seised to her use in trust for her, and her interest was the subject of sale by the sheriff.  (1 R. L. 74.)  Without enquiring, therefore, into the question of fraud, there is enough shewn to authorize a recovery.  The plaintiff is entitled to judgment.