BROWN *vs.* H. & E. T. BETTS.

In a *summary proceeding*, under the act to obtain the possession of land *sold under execution*, the application for process may be made by any person in whom the *title* is at the time of the application ; the remedy is not limited to the *purchaser at the sale.*

The officer does not lose jurisdiction of the matter by proof that the person and estate of the defendant in the execution were at the time of the sale in the charge of *guardians*, appointed under the act respecting *habitual drunkards.*

In this proceeding the *bona fides* of the purchase is not inquirable into ; and the court accordingly, in this case, refused to entertain the objection that the premises of which possesion was sought were purchased at sheriff's sale by one of the *guardians* of the defendant.

If the defendant in the execution be in the *actual occupation* of the premises, the proceedings may properly be instituted against him.

These proceedings may be had against a *tenant in common,*before partition.

A *variance* between a judgment and execution and the recitals in a sheriff's deed is amendable.

SUMMARY proceedings under the act to obtain possession of land sold by virtue of an execution. Harvey Betts made an affidavit that the *one thirteenth part* of a certain lot of land (describing it) containing 275 acres,was sold to *him* at a sheriff's sale,by

virtue of an execution against *Jotham Brown*, issued out of this court; that a deed of the premises had been duly executed by the sheriff, and the title perfected in him ; that the title then was *in him and Edward T. Betts ;* that Jotham Brown held over and continued in possession after a demand made to surrender the premises: which affidavit, together with another proving the demand, was exhibited to a judge of the Rensselaer common pleas, who issued a summons requiring Brown forthwith to remove from the premises, or shew cause by a certain day why *Harvey Betts and Edward T. Betts* should not be put into possession of the same.   On the day appointed to shew cause, Brown appeared before the judge, and one *Samuel I. M'Chesney* (a *guardian* of the person and estate of Brown, under the act concerning *habitual drunkards*) also appear and objected to any further proceeding in the matter, on the ground that *notice* of the proceeding should have been given to him.  The objection was overruled.  Brown then made an affidavit, stating that the premises claimed were not sold to *Harvey Betts*, but were sold to *Harvey Betts and Jared Betts ;* that in pursuance of such sale, the sheriff executed a deed of the premises to Harvey Betts and Jared Betts ; that at the time of the sale, *the said Jared Betts* and one Thaddeus Dan, were the guardians and committee of his *person* and *estate*, under the act concerning habitual drunkards ; and that at the time of the institution of these proceedings, Samuel I. M'Chesney and William D. Betts were the guardians and committee of his person and estate.   On the hearing before a jury, summoned and sworn to hear, try and determine the matter in difference between the parties, the applicants proved a judgment and execution in favor of one John Taylor against Brown, on which execution the sum of $203, 96c. was directed to be levied ; and produced a *sheriff's deed* of the premises in question, under such judgment and execution, setting forth a sale of the premises to *Harvey Betts and Jared Betts*, and conveying the title to them.   The applicants also produced a deed from *Jared Betts*, conveying all his title and interest in the premises to *Edward T. Betts*; and proved by *Jared Betts* that he was not present at the time of the sale of the premises under the execution ;  that previous

to such sale, he had not had any conversation with Harvey Betts in reference to the purchase of the premises, that after the sale, Harvey Betts proposed to him to take a part in the purchase ; that he agreed to do so, and that the sheriff's certificate was accordingly executed to them as joint purchasers. This witness further testified, that Brown, at the time of such hearing, was in possession of the premises. On his cross-examination, he stated that at the time when he become a purchaser of the premises together with Harvey Betts, he, the witness, was one of the guardians and committee of the persons and estate of Brown, under the act respecting habitual drunkards. The testimony of Jared Betts was objected to, but admitted by the judge. After the proofs were closed, it was abjected, that as the right of Brown, which had been sold, was an undivided interest, and as partition had not been made between him and his tenants in common, these proceedings were inapplicable; which objection was overruled by the judge, and the case submitted by him to the jury, who found a verdict in favor of the applicants. The proceedings were brought into the court by *certiorari.*

*J. N. Cushman & S. Stevens,* for plaintiffs in error.

*H. P. Hunt,* for defendant in error.

*By the Court,* SUTHERLAND, J. This is a *certiorari* to bring up proceedings under the act " to recover the possession of land in certain cases," 2 *R. S.* 511, by which it is provided, that when any person shall hold over and continue in the possession of any *real estate which shall have been sold by virtue of an execution* against such person, after a title under such sale shall have been perfected, he may be removed from the possession thereof. 2 *R. S.* 513, § 28, *sub.* 4.

The errors principally replied upon are, 1. That the judge had no jurisdiction in this case, it being an interference with the estate of an habitual drunkard, in charge of a committee; that the chancellor alone has jurisdiction in such a case; 2. That at all events the committee of the defendant should have been made parties to the application, as they had the ex-

clusive possession and control of his estate; and 3. That the statute under which this proceeding was had, was not applicable to a case like this, where an undivided interest only was sold until partition was made.

The statute contemplates a simple and summary proceeding, for the purpose of giving to the party who is entitled to it the immediate possession of land. He must make an affidavit of the facts which, according to the statute, entitle him to such possession; and if, upon due notice, the opposite party does not appear and controvert these facts, a warrant issues of course to put him into possession; if they are denied, a jury is summoned to try the issue then joined. The material allegations on the part of the applicants in this case were, that the premises of which they sought to obtain possession had been sold by virtue of an execution against Brown, and that a title under such sale had been perfected, and that such title was vested in them. Whether it was struck off at the sale to one or both of them was not material, if at the time of the application, the title was in them under such sale. The affidavit of Brown, therefore, strictly, did not deny any material allegation in the affidavit of the applicants.

The title of the purchaser, I apprehend, is not in this proceeding to be collaterally tried or impeached; the regularity and validity of the judgment are not to be inquired into; nor whether he was a *bona fide* purchaser. If the judgment and execution are regular upon the face of them, and the applicant shows a title under them, that is sufficient.

The fact that the defendant and his estate were in charge of a committee under the drunkard act when these proceedings were instituted, was not, I am inclined to think, sufficient to take from the officer his jurisdiction of the case. Brown, it is denied, was in the *actual occupation* of the premises. He was literally the person holding over and remaining in possession after the sale, and was, therefore, within the words of the act, the party against whom the proceedings were to be had. But I am inclined to thing this is not a legal defence to such a proceeding; and that the purchaser has a right to go on, unless stopped by the court of chancery. 2 *Paige,* 153 422. 3 *id* 199.

<div style="text-align: right">

ALBANY,
Oct. 1834.

</div>

Whether the sale was fraudulent or not, on account of one of the guardians of the defendant being interested in it, is also a matter to be inquired into, in some direct proceeding for that purpose, and not collaterally in this manner. The circumstances disclosed in this case are certainly of a very suspicious character, in relation to Jared Betts; but this is not the occasion for investigating that matter.

I see no objection to proceeding under this statute against a tenant in common, whose interest has been sold. The purchaser acquires all his right and interest, and is entitled to be substituted for him in the possession. Partition can subsequently be made.

It was objected on the argument, that there was a variance between the judgment and execution produced on the hearing, and the recital in the sheriff's deed. This is merely formal. The variance is amendable, and will be disregarded by the court. 4 *Wendell*, 462.

<div style="text-align: right">

Proceedings affirmed.