*ALBANY, Oct. 1834.*

*Matthews v. Cook.*

---

## MATTHEWS *vs.* COOK.

In an action on a *recognizance of bail* entered into in a court of common pleas, sued in this court, the fact that the defendant is a *resident inhabitant* of the county in which the court, in which the original action was prosecuted is held, cannot be pleaded in abatement or in bar; the remedy of the defendant is by motion.

DEMURRER to plea. The plaintiff declares in this court on a *recognizance of bail*, taken in the superior court of the city of New-York. The defendant pleads, that at the time of the accruing of the action, and of the institution of the suit, he was a *resident inhabitant of the city of New-York*, and has so continued to be. To which plea the plaintiff demurs.

*J. W. Gerard*, for plaintiff.

*I. M. Ely*, for defendant.

*By the Court,* SAVAGE, Ch. J. The cases cited on both sides shew that the regular and proper practice is, to prosecute bail bonds and recognizancers of bail, in the same court in which the original suit was brought, because that court is thought to be the best able to judge of what terms should be granted to the defendant. There are many instances, however, both in England and in this state, where the suit has been brought in a different court. In *Burtis* v. *M'Carty*, 13 *Johns. R.* 424, this court said that the suit on recognizance of bail must be brought in the county where the original suit was commenced. They say each court has its own rules of practice, and it would be inconvenient for this court to be inquiring into the rules of practice of the different courts of common pleas. This court has, however, always entertained the cause, where the defendant, the bail, resides out of the jurisdiction of the court where the original suit was brought. The court has jurisdiction of the case, and the declaration states a good cause of action. The fact pleaded in this plea, if presented by way of motion, might induce the court to stay or set aside the proceedings. In such case the plaintiff might show other considerations addressed to the discretion of the court, to induce them to retain it. Such cases have always been brought up by motion, and cannot be presented by plea.

Judgment for plaintiff, on demurrer to defendant's plea.