### GALLAGHER vs. FLANNELLY and others.

*Bail in error* may be sued in the court in which the writ of error was returnable ; the action is not confined to the court in which the judgment was rendered.

THE plaintiff recovered judgment against Flannely in the *New York common pleas.*   Flannelly brought a writ of error to this court, and on that occasion he, with the two other defendants in this suit as his sureties, executed a bond to the plaintiff pursuant to the statute.   2 *R. S.* 595, § 26, 28.   The writ of error was afterwards quashed, and the plaintiff brought this action on the bond.

Garlock v. Dunkle.

*A. B. Conger*, for the defendants, moved to set aside the proceedings, on the ground that the action should have been brought in the New-York common pleas.

*H. H. Martin*, contra.

*By the Court*, BRONSON, J. In action upon bail bonds and recognizances of bail, the courts grant relief upon terms, and as each court has its own rules of practice, such actions should, in general, be brought in the court where the original suit was prosecuted. *Matthews v. Cook*, 13 *Wendell*, 33. But this in an action on an error bond, and if there has been a breach of the condition, I am not aware that this, or any other court can grant equitable relief, as is done in suits on bail bonds and recognizances of bail. There is no reason, therefore, for restricting the action to the court in which the proceeding originated.

Motion denied.