■ By the Court, Bronson, J.
The replication is good for nothing. The question is on the plea. Actions against special bail and upon bail bonds, should, in general, be brought in the court in which the original suit was com *605 menced: though where there is a necessity for doing so, the action may be brought in another court. In this case, there was no necessity for suing in- this state, and the action should have been brought in New-Jersey, where the defendant could have such relief as the laws of that state and the practice of its courts may afford to special bail. But the defendant’s remedy was by motion—not by plea. So are all the cases. (7 John. R. 318. 9 id. 80. 12 id. 459. 13 id. 424. 8 T. R. 152. 1 Burr. 642. 3 Wils. 348.) In Matthews v. Cook, (13 Wend. 33,) this matter was set up by plea, and judgment was given for the plaintiff, on the ground that the remedy was by motion. True, the original suit in that case was in a court of this state; but that cannot alter the principle. The action is in its nature transitory, and the fact that it arose in another state, or even in a foreign country, does not go to our jurisdiction. (Glen v. Hodges, 9 John. R. .67. Rea v. Hayden, 3 Mass. Rep. 24. Rafael v. Verelst, 2 W. Black. 1055, 1058. Doulson v. Matthews, 4 T. R. 503. Mostyn v. Fabrigas, Cowp. 161. Comyn’s Dig. Action, (n. 12.) Gould’s Plead. 234, 2d ed. 1 Chit. Plead. 300, ed. of 1837.) The plea should show that some other court in the same state or country has jurisdiction. (Lawrence v. Smith, 5 Mass. Rep. 362. Rea v. Hayden, 3 id. 24. And see Mostyn v. Fabrigas, Cowp. 172. 1 Chit. Pl. 479, ed of 1837.) The facts stated in the plea do not go to the jurisdiction of the court. They only make out a case for equitable relief on motion.
Judgment of respondeat ouster.