THE PEOPLE vs. ISAAC BACKMAN AND JAMES H. MINER.

Actions on recognizances should be brought in the original court in which the same were taken, *where the bail all reside in the county.*

This court has jurisdiction, but it is more fit and proper that the original court should exercise its equitable powers which are expressly given to it.

*Motion by defendants to set aside declaration and subsequent proceedings for irregularity.*—Backman and Miner, the defendants, entered into a recognizance, as bail for one Allen, at the Schenectady general sessions in March last. Subsequently the district attorney of Schenectady commenced an action of debt, *in this court*, against the defendants, as bail on their recognizance; *both defendants residing, and having for many years resided in Schenectady county.*

| | |
|---|---|
| JAMES FULLER, *Defts Counsel.* | JAMES FULLER, *Defts Atty.* |
| P. POTTER, *Counsel for People.* | P. POTTER, *Dist. Atty.* |

It was insisted on the part of defendants, that the action of debt against bail must be brought in the same court in which the original suit was commenced, unless the bail, or one of them, resides out of the county; in which case they may be sued in this court, although the original suit was in the court of common pleas. 9 *Johns. Rep.*, 80; 7 *do*, 318; and that the defendants' remedy was by motion, 13 *Wend.*, 33; 1 *Hill*, 604; 3 *Hill*, 558; 13 *Johns.*, 424. That the common pleas have equity powers in the matter of recognizances given to them by statute, 2 *R. S.*, p. 399, § 37, which do not belong to this court, and are therefore best qualified to decide the matter or to dictate terms. 1 *Hill*, 604; 3 *Hill*, 558. On the part of the people it was insisted, that the 2 *R. S.*, 398, § 29, provides that the district attorney of the county shall prosecute the

same by action of debt for the penalty, and the proceedings and pleadings shall in all respects be as in personal actions, for the recovery of any debt. This statute changed the law of 1818, *Session Laws*, p. 307, § 7, which authorized the *collection* of fines and recognizances. Execution can not now be issued upon recognizances, they must.be sued in an action of debt, 12 *Wend.*, 475; and the Supreme Court have jurisdiction, 4 *Wend.*, 387, *People* vs. *Blackman*, 17 *Wend.*, 252. If this court have jurisdiction there is no apparent irregularity.

BEARDSLEY, Justice.—Both the defendants reside in Schenectady county. The original court has equitable powers expressly given to it by statute, which is expressly prohibited by any other. I do not deny but what. this court has jurisdiction, but it will not exercise it because it is inconvenient; it is more fit .and proper that the original court should exercise the equitable power thrown upon it; it is inconvenient for this court, and there is no special reason why it should, as where the party lives out of the county.

Motion must be granted.