### IRA D. BIXBY AND LORENZO BIXBY *vs.* NICHOLAS B. ROWE, GEORGE W. WALLACE AND NATHAN H. BITELY.

A defective certificate of sale of real estate, upon execution, may be amended by the person making the sale, even after his term of office has expired.

*Van Buren Circuit, April,* 1871.

This was an action in assumpsit on promissory note made by defendants.

Suit commenced by declaration.  Personal service on all the defendants.  *Narr.* filed December 24, 1867.  No appearance by either defendants.

January term, 1868, default of defendants entered and made absolute, and on the 22d of January, 1868, judgment rendered for plaintiffs for amount of note, interest and costs.

Afterwards the costs were taxed and execution issued to the Sheriff of Van Buren Co., (Edwin R. Farmer,) and on the 23d day of June, 1868, was levied on lots 7 and 8, block 3, Union Addition to the village of Lawton, Van Buren Co.

Sale made, August 8, 1868, at 1 o'clock P. M., at the Court House in Paw Paw, and lots bid off by plaintiffs, for amount of judgment, interest and costs of sale.

Plaintiffs waited the expiration of the fifteen month's redemption

right, and then, on examination and on taking counsel, found that the Sheriff's certificate of sale was defective, omitting to state the name of the person to whom the premises were sold, and also the amount for which they were sold.

A motion is now made by the plaintiffs in behalf of the Sheriff, for an order of the Court, granting to Edwin R. Farmer, late Sheriff, leave to amend his certificate of the sale of said real estate, according to the facts of said sale.

Motion *Ex parte.*

*By the Court,* BROWN, J.—Can a Sheriff amend his certificate of sale of real estate ; and if he can, will the Court permit him to do so, after his term of office has expired and he is no longer holding that office ?

*J. W. Brees²,* for the motion, contends that it is settled that a Sheriff may amend his certificate of sale of real estate by leave of the Court. 1 *Doug. Mich. R.*, 42. This was an attachment suit and judgment by default, and the defendants moved to set aside the judgment and all subsequent proceedings, for irregularities, and the Court refused the motion, assigning as one ground therefor that the Sheriff had a right to amend his return in the Circuit Court. 2 *C. Laws*, page 1201, § 4418.

It has been held that a Sheriff may amend his certificate of sale where he has omitted to describe the parcel sold. 1 *Cowen*, 430.

He may also strike out a parcel which should not have been sold. 8 *Howard's Pr.*, 79. A case in 1 *Cowen*, 218, gives a form of order of amendment and is very similar to the present case, showing that the late Sheriff may make an amendment by leave of the Court.

The recitals in a Sheriff's deed are amendable. 13 *Wend.*, 29, and so of variance between the judgment and execution. 4 *Wend.*, 462.

There seems to be abundant authority to the effect that a Sheriff who made the sale or his successor in office may make a deed. 2 *C. Laws*, page 937, § 3151 ; 3 *Mich.*, 436 ; 3 *Cowen*, 75.

As to when a Sheriff may complete execution process in his hands, see 1 *C. L.*, page 210, § 431 ; page 207, § 418.

As to re-sale on execution by Sheriff, after he, had gone out of office, see 5 *Hill*, 228 ; 4 *Barb.*, 180.

.This motion is made on the part of the plaintiffs in execution, and the question of *laches* does not arise.

` The motion is granted.

---

## SUGGESTIONS TO LAWYERS.

### By C. R. Brown.

Read no authority from reports, without first having exam ined the case so as to be able to state the main facts.

Read only so much as bears directly upon the point. If the Judge comprehends readily, nothing more is required. If he does not, all that you read, not bearing directly upon the point, only tends to confuse rather than enlighten.

Never read an authority to support your position when the Court concurs with you. It is proper to ask, whenver a question arises, if the Court entertains doubts, and upon what particular points; and while the Judge, in doubtful cases, should not decide without a full hearing, it is considered to be no compromise of that dignity which pertains to the Bench, for the Judge to intimate to counsel the points upon which he desires argument and authorities. If the Court intimates a desire not to hear you, you may take it for granted your opponent will give the Court the benefit of his researches, if he disagrees with you, and you will then have an opportunity to be heard, if the first impressions of the Judge have been modified or changed.

Don't except to rulings which you know are purely discretionary. It is difficult for the Judge, in such case, to determine what motive dictates the exception—whether it is from force of habit, ignorance of the law, or to annoy the Court and lumber up the record.

One exception upon the same point, and involving the same principle is just as effectual as a dozen. Hence, when a ruling has been made upon a question deemed to be vital, it is difficult to conceive what is to be gained by interposing objection after objection upon the same point.