The referee erred in nonsuiting the plaintiff. The judgment must therefore be set aside, and new trial granted, costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

GILBERT, J., dissented.

Judgment reversed and a new trial granted, costs to abide event.

---

THE PEOPLE ex rel. JOHN W. BRIDENBECKER, v. AMOS H. PRESCOTT, County Judge., etc.

*Foreclosure by advertisement — notice in — what must contain — Executors not assignees.*

On a mortgage foreclosure by advertisement, it is not necessary to state in the notice that the subscribers have lawful right or authority to foreclose.

Executors and administrators are not assignees, within the meaning of that term in section 4, 3 Revised Statutes (5th ed.), page 859.

A notice, signed by the executors, with the addition of the words, executors, etc., after their names, is sufficient.

CERTIORARI to the county judge of Herkimer county, to bring up for review proceedings had before him to remove the mortgagor from the mortgaged premises, after sale on foreclosure by advertisement, by the executors of the last will of the mortgagee.

The return of the county judge sets out an affidavit presented to him by David Stroup, setting forth that, on 1st December, 1874, John W. Bridenbecker was owner of certain lands and premises in the town of Frankfort, in said county of Herkimer, described in a notice of sale in foreclosure of a mortgage, given by said Bridenbecker and wife to Jacob J. Folts, to secure the payment of $3,000, and which mortgage bore date the day and year last mentioned;

that it had been duly recorded; that Folts died before the fore-
closure of said mortgage, leaving a last will, in and by which he
appointed David Lewis, James Folts and Daniel V. Folts executors,
which will was duly proved and recorded, and said executors duly
qualified, and were acting; that default was made in the payment
of the mortgage debt, and the mortgage was duly foreclosed by
advertisement, a copy of which was annexed; that it was published
for twelve weeks in a newspaper in said county; that on the day,
and at the place designated in the notice for the sale of said
premises, the same were sold at public auction and bid in by said
Stroup, and he was the legal owner thereof; that the affidavits that
copies of said notice of sale had been duly served on the persons
entitled thereto, and of the posting and recording of said notices,
were duly made and recorded prior to the demand of possession
of said mortgagee; that such demand was made, on the ninth day
of July, of said Bridenbecker, who was then in possession, and
he refused to surrender possession, and remained in possession with-
out the consent of the purchaser. The notice of sale is in con-
formity to the provisions of the Revised Statutes relating to the
foreclosure of mortgages by advertisement, and is signed by Lewis,
and Daniel and James Folts, who also annex to their names the
words, ."*Executors of the last will and testament of Jacob J.
Folts, deceased.*"

The county judge returned a summons issued by him on receiving
said affidavit, reciting the said affidavit, and requiring the said Briden-
becker to remove forthwith from said premises, or show cause
before said judge, at his office, on the 17th of July, 1874, at ten
o'clock A. M., why possession of said premises should not be delivered
to said Stroup. This summons was duly served, and, at the time
and place for showing cause specified in said summons, Bridenbecker
appeared, and, by his counsel, insisted that the proceedings on the
part of Stroup were irregular, for the following reasons: 1st. The
proof of service not sufficient. 2d. The facts necessary to con-
stitute a legal foreclosure or lawful sale, as required by the statute,
are not sufficiently stated or shown. 3d. The notice of sale in the
foreclosure proceedings, do not state or show that the subscribers
to the notice had any lawful right or authority to foreclose the
mortgage or make the sale. 4th. The addition of the words,

"*Executors*," etc., is only descriptive of the person. The objections were overruled, and defendant's counsel excepted.

Bridenbecker then presented to the county judge an affidavit denying nearly all the matters stated in the affidavit of Stroup, and thereupon the parties proceeded to the trial of the issues thus joined. Stroup's counsel offered in evidence the affidavits of the publication of the notice of sale; of the service of copies thereof on the parties entitled thereto; of the sale; of posting; and of recording a copy of the notice.

The counsel for Bridenbecker objected to this evidence: 1st. That the facts are not alleged or stated in the affidavit on which the summons issued, or in the summons. 2d. They are not evidence as to the facts not alleged in the summons and affidavit. 3d. The affidavit of publication itself, shows less than twelve weeks' publication — less than eighty-four days. The objections were overruled, and defendant's counsel excepted. The plaintiff then put in evidence the mortgage which had been foreclosed.

It was admitted that Folts, the mortgagee, died 9th August, 1873, leaving a last will, which was duly proved, appointing the persons hereinbefore named executors thereof, who duly qualified. It was also admitted that the executors made the foreclosure, and directed the proceedings, and that, on the eleventh April, the notice of sale was duly served on the defendant. The defendant's counsel then moved to dismiss the proceedings, because the notice of sale was not published twelve weeks; the affidavit of filing the notice of sale should have been made by the clerk, and not by Marsh; the sale was not made by the executors. The motion was denied, and defendant's counsel excepted. The plaintiff then testified that he attended the sale; that James Folts, one of the executors, was there; and that he did not see either of the others. The defendant then proved that proceedings had been heretofore instituted to remove Bridenbecker, and that they had been dismissed on the motion of defendant's counsel, on the ground of defects in the affidavit upon which the proceedings were instituted. The defendant's counsel then moved to dismiss the proceedings secondly instituted, because of the institution and dismissal of the former proceedings.

The motion was denied, and defendant's counsel excepted.

The evidence being closed, the county judge adjudged and decided that Stroup recover possession of the premises, and that a warrant for the removal of Bridenbecker issue, to put Stroup in possession. A warrant was accordingly issued, and the plaintiff put into possession.

*E. J. Richardson*, for the relator. The proceeding to foreclose a mortgage by advertisement, is strictly and solely a proceeding *in rem* against the property, to foreclose a lien. In conducting the proceedings, the statute must be carefully followed. (9 Barb., 278; 11 id., 191; 13 id., 137; 20 id., 18; 36 id., 501; 2 Cow., 231.) The addition to their names, "Executors, etc.," is mere matter *descriptio personæ*, and surplusage. (*Merritt* v. *Seaman*, 6 N. Y. [2 Seld.], 168; see opinion of GRIDLEY, J., pp. 171, etc.; *Sheldon* v. *Hoy*, 11 How. Pr., 11, to same effect; see opinion by JOHNSON, J., and cases cited, pp. 14, etc.; *Christopher* v. *Stockholm*, 5 Wend., 36; *Worden* v. *Worthington*, 2 Barb., 368.)

*George W. Smith*, for the respondent. It was not necessary that the derivation of the executor's power to foreclose the mortgage should appear in the notice. It is enough that the power to foreclose by sale be executed by those having the power in fact. (*Bradstreet* v. *Clarke*, 12 Wend., 672; *Heyer* v. *Burger*, 1 Hoff., 17; *Bradish* v. *Gibbs*, 3 John. Ch., 551; 1 Brad., 122; 3 R. S., 28, § 144 [5th ed.].)

MULLIN, P. J.:

The objections taken by the defendant, on his appearing to show cause, were properly overruled. The first objection, that the proof of service of the notice of sale was insufficient, was too general to be available. No defect is suggested, so that no intelligent ruling could be made upon it. The next objection, that the facts necessary to constitute a legal foreclosure or sale are not sufficiently stated or shown, is also too general; no defect is pointed out.

The objection, that the notice of sale on the foreclosure proceedings does not state or show that the subscribers to the notice had any

lawful right or authority to foreclose or make the sale, is answered by saying that no such statement need be made in either the foreclosure proceedings or notice of sale. The statute regulating proceedings to foreclose mortgages,* does not require any such statement to be made. Section 4 of the statute above cited, prescribes what shall be inserted in the notice of sale; the first of which is, that the names of the mortgagor and mortgagee, and of the assignee, shall be stated.

Upon the death of the mortgagee, leaving a will by which executors are appointed, the legal title to the mortgage vests in the executors, in the absence of any bequest of it to some one else ; and, when the executors affixed to their names the words, " Executors of Jacob J. Folts, deceased," they disclosed their interest, and how it was acquired. Executors or adminstrators are not assignees within the meaning of that term used in the fourth section, above referred to. But if they are, the notice sufficiently discloses the fact. The annexation of the words, executors, etc., is not only *descriptio personæ*, but is descriptive of the character in which they acted.

The objections to the introduction of the affidavits of posting, etc., were properly overruled. The plaintiff was not required to state in his affidavit the name of each person upon whom notice of sale was served, or the precise day of service. It was for him to swear that copies of the notice were served on the mortgagors, and all persons having liens on, or interested in, the mortgaged premises. The papers offered contained the details of the service, and were competent to support the general averment of due service in the affidavit. The affidavits of publication show the notice to have been published for twelve weeks. The first publication was on the eighth day of April and again on the fifteenth, twenty-second and twenty-ninth ; the sixth, thirteenth, twentieth and twenty-seventh of May ; third, tenth, seventeenth and twenty-fourth of June, and on first of July. The sale was on the third of that month. It was published, therefore, thirteen times, and the sale was on the eighty-sixth day from the first publication. The evidence given, and the admissions made, fully establish the facts stated in the plaintiff's affidavit, and entitled him to a warrant that he be put into possession.

* 3 R. S. (5th ed.), 859, §§ 1 to 16

It is not important in this case to inquire how far the proceedings in foreclosure of mortgages, and of sales on execution, are open to review before officers authorized to entertain these summary proceedings. If they may be reviewed, it follows that they may be annulled, and thus the action of the highest court in the State pronounced illegal and void by a justice of the peace. This cannot be so. * It must be enough to produce before the officer the record of the proceedings on foreclosure. Whether they are in strict conformity to the statute, is not a subject with which the officer has anything to do. The former decision of the county judge dismissing the proceedings was not a bar to the subsequent one, as the dismissal was caused by defects in the affiadvit on which they were founded. † The county judge had jurisdiction and his rulings were correct, and his judgment must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Proceedings affirmed.

* Brown v. Betts, 13 Wend., 32.          † Geisler v. Weigand, 5 Seld., 227.