Truax, J.
The plaintiff was the owner of certain premises in the of New York.
On the 7th day of August, 1884, a judgment was entered in the office of the clerk of the city and county of New York, in an action in the supreme court of the state of New York, wherein the defendant, Augustus Prentice, was plaintiff, and the above named Cornelia Gilman and one Andrew E. Smyth were defendants, for the sum of $1,800.78.
Neither the summons nor complaint in said action was ever served on the plaintiff. She never authorized any attorney to appear for her in said action, and never authorized any person or persons to employ or authorize any attorney to appear on her behalf; and she never had any knowledge of any proceedings in said action, or that any attorney had claimed to appear for her until on or about the 28th day of June, 1886; but an attorney, without her knowledge and consent as aforesaid, did appear in said action, and judgment was entered thereon as on default to answer. Execution was issued on this judgment in favor of said Prentice, and on the 10th day of March, 1885, the *545 premises hereinbefore mentioned were sold under said execution, and at such sale Prentice became the purchaser.
On the 1st day of March, 1886, one Mary A. P. Tucker obtained a judgment against the plaintiff for the sum of upward of $10,000.
The above named Preble Tucker took an assignment of said judgment and redeemed the premises hereinbefore mentioned from said Prentice, and paid said Prentice the amount of the first mentioned judgment and received a deed of said premises from the sheriff. Thereafter said Preble Tucker instituted summary proceedings in the district court for the sixth judicial district in this city, and thereupon the plaintiff brought this action to restrain the enforcement of such summary proceedings.
The defendant Tucker contends that the injunction should be vacated because the undertaking given on obtaining the injunction was given under section 620 of the Code of Civil Procedure, and not section 613, which is the section specifying the security to be given on obtaining an injunction order staying proceedings upon a judgment for a sum of money. It is provided in this last mentioned section that no such order shall be granted until the full amount of the judgment, including interests and costs, shafi have been paid into court, or an undertaking given to pay the amount of the judgment with interest, and until an undertaking shall have been given to pay to the party injured all damages and costs_ which may be awarded to him by the court in the action in which the injunction order is granted. Such payment has not been made into court, nor has such an undertaking been given by the plaintiff in this action, and if the proceedings sought to be stayed or enjoined are proceedings upon a judgment for a sum of money, the order must be vacated.
The proceedings which the plaintiff is seeking to restrain are not proceedings upon a judgment for a sum of money. Section 2265 of the Code of Civil Procedure prescribes that an injunction shall not be granted staying or suspending the summary proceedings before the final order in such summary proceedings, except in a case where an injunction would be granted to stay the proceeding in an action of ejectment brought by the petitioner and upon like terms. I cannot find that there is any provision in the Code which specifies the amount of the undertaking to be given upon obtaining an injunction staying the proceedings in an action of ejectment before judgment thereon, and I am therefore of the opinion that the undertaking to be given in such a case is the undertaking required by section 620.
Where special provision is not otherwise made by law *546 for the security to be given upon an injunction order, and is an undertaking to the effect that the plaintiff will pay to the party enjoined, such damages, not exceeding a sum specified in the undertaking, as he may sustain by reason of the injunction, if the court finally decides that the plaintiff was not entitled thereto. Such an undertaking has been given in this case.
The defendant contends that a court of equity has no. power to interfere by injunction to restrain the prosecution of summary proceedings, but it seems to me that section 2265, above referred to, implies that an injunction may be-granted before the final order in summary proceedings, at. least where one would be granted to stay the proceeding in an action of ejectment. See Jessurun v. Mackie (24 Hun., 626), where Davis, C. J., says that section 2265 prescribes, the mode by which proceedings for the removal of tenants under that title may be stayed or suspended, both before- and after final order. See also Chadwick v. Spargur, 1 C. Pro. Rep., 422.
I think that it is settled that where one is without an adequate remedy at law, where he had equities which the justice’s court could not protect, or where he is from the peculiar circumstances of the case precluded from setting up his defense before the justice, it is the duty of a court of equity to exercise its equitable jurisdiction by injunction. Valoton v. Seignett, 2 Abb., 121; Griffith v. Brown, 3 Robt., 627; Baker v. Hamersley, 16 How., 461; Chadwick v. Spargur, 1 N. Y., Civ. Pro. R., 422; McIntyre v. Hernandez, 7 Abb., N. S., 214.
This case is peculiarly one which needs the protection of a court of equity, for the regularity and validity of the judgment under which the sale of the plaintiff’s property was made cannot be tried before the justice. Judgment, must be given by him if it appears that the. judgment and execution are' regular on their face and the applicant shows title under them. Brown v. Betts, 13 Wend., 29.
The more important question in the case is one on which no stress was laid by counsel on the argument, and that is, can the plaintiff show in this action that the appearance by the attorney was unauthorized and void? That question has lately been answered in the affirmative by the supreme-court, in the second department, in the case of Burton v. Sherman, reported in volume 20 N. Y. Week. Dig., 419.
I shall follow that decision and continue the injunction, with costs.